STATE of Missouri, Respondent,

v.

Bobby Lee GRIFFIN, Appellant.

No. 47943.

Supreme Court of Missouri,

Division No. 2.

Oct. 10, 1960.

Motion to Transfer to Court en Banc
Denied Nov. 14, 1960.

804

William B. Kelleher, St. Louis, for appellant.

John M. Dalton, Atty. Gen., Fred L. Howard, Asst. Atty. Gen., for respondent.

BOHLING, Commissioner.

Bobby Lee Griffin was indicted for robbery in the first degree by means of a dangerous and deadly weapon, a revolver, committed upon one William Patch, Jr. The charge was under § 556.280 of the Habitual Criminal Act, under which the evidence affecting the punishment under said act is adduced before the jury for the assessment of the punishment by the jury. (Statutory references are to RSMo 1949 and V.A.M.S. unless otherwise indicated.) The court, proceeding under the provisions of Laws 1959, S.B. 117, repealing and reenacting said § 556.280, excused the jury, heard the evidence set forth hereinafter pertaining to the habitual criminal charge, and found the State had established three prior convictions of appellant as alleged in the indictment. The verdict of the jury found appellant guilty of robbery in the first degree by means of a dangerous and deadly weapon as charged. Not having submitted the punishment to the jury, the court, under said S.B. 117, then assessed appellant's punishment at thirty years' imprisonment in the State Penitentiary.

The offense was committed November 24, 1958. The indictment was returned December 16, 1958. Laws 1959, S.B. 117 (repealing and reenacting § 556.280) became effective August 29, 1959. The trial occurred in September, 1959. Appellant's motion for new trial was overruled and judgment was entered October 30, 1959, in accordance with the verdict of guilty by the jury and the punishment assessed by the court.

Briefly but sufficiently outlined, appellant contends in his brief here that the court violated his constitutional and statutory rights by depriving the jury of the right to pass on the issue of his prior convictions, im-

prisonments, and discharges and the right to assess his punishment under § 556.280 as of the date of the offense and prior to its repeal and reenactment by Laws 1959, S.B. 117, because such procedure:

(1) Caused said Laws 1959, S.B. 117, to be retrospective in operation and an ex post facto law in contravention of his rights under Art. 1, § 13, Mo.Const., V.A.M.S., and Art. 1, § 10, clause 1, U.S.Const.;

(2) Deprived appellant of his rights under § 1.160, as revised and reenacted by Laws 1957, p. 592;

(3) Deprived appellant of his liberty without due process of law in contravention of his rights under Art. 1, § 10, Mo.Const. and Amend. 14, § 1, U.S.Const.; and

(4) Deprived appellant of his right to trial by jury in contravention of Art. 1, § 22(a), Mo.Const.

■ No point is made in appellant's brief that the jury's verdict of guilty was not supported by substantial probative evidence. The evidence in this record establishes his guilt of the charge on trial (§§ 560.120, 560.135 and Laws 1955, p. 515, § 541.040), it being to like effect as the evidence set forth in State v. Griffin, Mo., 336 S.W.2d 364, 366, which was an appeal by this appellant from a conviction of murder in the second degree occurring a short time after the robbery here involved.

■ The court informed appellant's counsel at the close of the State's case on the issue of guilty or not guilty that he was going to excuse the jury. No objection was interposed to this announcement. The State, proceeding before the court in the absence of the jury, introduced in evidence three judgments wherein Bobby Lee Griffin was convicted and sentenced to imprisonment and certified copies of the record of the penitentiary showing that Bobby Lee Griffin, giving his physical description, had been imprisoned under said judgments and later discharged from such imprisonments.

All this evidence went in without any objection. The record discloses that when inquiry, on five occasions, was directed to appellant's counsel, he answered: "No objection." After this evidence was in appellant objected on the ground the records offered were insufficient to identify appellant with the prior offenses, which objection was not preserved for review in appellant's motion for new trial or mentioned in his brief here and stands abandoned. State v. Hadley, Mo., 249 S.W.2d 857 [6, 10]. We have said that identity of names is prima facie sufficient to establish identity. State v. Reed, Mo., 298 S.W.2d 426, 428 [6]; State v. Baugh, Mo., 323 S.W.2d 685, 691 [8]. This evidence established the habitual criminal charge under prior § 556.280 and also under Laws 1959, S.B. 117, reenacting § 556.280. The court then announced its finding "that the State has proven the three prior convictions as alleged in the indictment." The State rested. Appellant announced he had no evidence. When the instructions were about to be read to the jury, appellant's counsel, with respect to the prior convictions, objected "on the ground that the method of presenting the evidence and the findings were unconstitutional."

■ Error in the admission of evidence is not preserved for appellate review where no timely objection or motion to strike or disregard the evidence is made. State v. Thomas, Mo., 309 S.W.2d 607 [6]; State v. Weed, Mo., 271 S.W.2d 557 [3]; West's Mo.Dig., Criminal Law, ☜1036. Unless the evidence is wholly inadmissible for any purpose, a general objection, one not stating reasons, preserves nothing for appellate review. State v. Medley, 360 Mo. 1032, 232 S.W.2d 519 [3–5]; State v. Harris, Mo., 295 S.W.2d 94 [7–9].

■ Constitutional issues must be raised at the earliest opportunity consistent with orderly procedure to be preserved for appellate review. State v. Johnstone, Mo., 335 S.W.2d 199, 207 [18]; State v. Brookshire, Mo., 325 S.W.2d 497, 500; State v.

Malone, Mo., 301 S.W.2d 750, 757 [14]. In addition: "The sections of the Constitution claimed to have been violated must be specified * * *. The point must be presented in the motion for new trial, if any * * *. And it must be adequately covered in the briefs * * *." City of St. Louis v. Butler Co., Banc, 358 Mo. 1221, 219 S.W.2d 372, 376 [6], 380, citing cases, including Robinson v. Nick, Banc, 345 Mo. 305, 309 [5], 134 S.W.2d 112, 115 [11], stating: "The section of the constitution which has been violated must be designated and the facts which constitute such violation must be narrated."

■ Appellant had the opportunity to raise the constitutional issues presented in his motion for new trial and his brief on appeal when the court proceeded to hear the evidence under the habitual criminal charge in the absence of the jury. See Ivey v. Ayers, Mo., 301 S.W.2d 790 [5]; State v. Gamma, 215 Mo. 100, 114 S.W. 619, 620. As stated, appellant interposed no objection to this procedure; and the objection on his asserted ground that the method of presenting such evidence and the court's finding of the prior convictions etc. "were unconstitutional" under the record before us was neither timely nor sufficiently raised for review on appeal. Cases supra, and State ex rel. Karbe v. Bader, Banc, 336 Mo. 259, 78 S.W.2d 835, 838 [4]; State ex rel. Kenosha Auto Transport Corp. v. Flanigan, Banc, 349 Mo. 54, 159 S.W.2d 598 [3]; State ex rel. Barnett v. Sappington, Mo., 260 S.W.2d 669, 671 [7]; Baker v. Baker, Mo.App., 274 S.W.2d 322 [6, 7].

■ In State v. Morton, Mo., 338 S.W.2d 858, the constitutional issues urged by appellant stand ruled adversely to his contentions. It is there held that § 556.280 as repealed and reenacted by Laws 1959, S.B. 117, is procedural in nature and that the trial after the effective date of and under the procedure prescribed by Laws 1959, S.B. 117, for determining the applicability of the Habitual Criminal Act and, if found applicable, the assessment of the punish-

ment by the trial judge of one charged under the Habitual Criminal Act with committing a felony prior to the effective date of the repeal and reenactment of § 556.280 by Laws 1959, S.B. 117, was not a proceeding under a statute retrospective in its operation and amounting to an ex post facto law in contravention of Art. 1, § 10, clause 1, of the U.S.Const. or Art. 1, § 13 of the Mo.Const.; did not deprive an accused of due process of law in contravention of Amend. 14, § 1 of the U.S.Const. or Art. 1, § 10 of the Mo.Const. (or the equal protection of the law in contravention of Amend. 14, supra); and did not deprive an accused of any constitutional right to have a jury pass on his prior convictions and punishment under the Habitual Criminal Act in contravention of Art. 1, § 22(a), Mo.Const., providing: "That the right of trial by jury as heretofore enjoyed shall remain inviolate." State v. Morton, supra, cites, among others, State v. Hamey, Banc, 168 Mo. 167, 67 S.W. 620, 57 L.R.A. 846, where, after a full discussion, it was pointed out that at common law the court assessed the punishment, and the constitutional right to a trial by jury was limited to the issue of guilty or not guilty of the offense on trial, and did not preclude the legislature authorizing the court to assess the punishment (67 S.W. loc. cit. 621(1)), and that the law operated equally upon all who violated its provisions and in every county of the State (629(2)).

■ What we have said also disposes of appellant's point first mentioned in his motion for new trial that the procedure followed by the court with respect to the habitual criminal charge deprived appellant of his rights under Laws 1957, pp. 587, 592, revising and reenacting § 1.160, because no like objection was made during the progress of the trial. State v. Tillett, Mo., 233 S.W.2d 690, 692 [5]. Further, the point is without merit. Said § 1.160, so far as material here, is to the effect that no offense committed or prosecution pending prior to the repeal or amendment of any statutory provision shall be affected by the repeal or

amendment of the statute "except (1) that all such proceedings shall be conducted according to existing laws; and (2) that if the penalty or punishment for any offense is reduced or lessened by any alteration of the law creating the offense, the penalty or punishment shall be assessed according to the amendatory law." Laws 1959, S.B. 117, § 556.280, is a procedural statute. State v. Morton, supra; State v. Reagan, Mo., 328 S.W.2d 26, 31. Appellant acquired no right under § 1.160 to insist that his case be disposed of under the procedure provided by prior § 556.280, the law in force when he committed the offense. See exception "(1)" of § 1.160, which is in accord with the Morton case, supra, and 1 Cooley's Constitutional Limitations, 8 Ed., pp. 551, 552. The imprisonment to which appellant was subject for the offense charged was for a term of not less than five years (§ 560.135) to imprisonment during his natural life (§ 546.490); and the thirty-year imprisonment assessed against him was less than the maximum required under prior § 556.280 (State v. Cooley, Mo., 221 S.W.2d 480, 485 [11]). State v. Morton, supra, points out that Laws 1959, S.B. 117, is advantageous to an accused, particularly in not requiring the assessment of the maximum punishment for the offense on trial. In these circumstances exception "(2)" of § 1.160 requires the application of said S.B. 117 as the punishment may not exceed but may be less than that made mandatory by prior § 556.280. Appellant is in no position to complain. See, for instance, State v. Brown, 342 Mo. 53, 112 S.W.2d 568, 571 [4, 5].

The record is free of prejudicial error and the judgment should be and is affirmed.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BOHLING, C., is adopted as the opinion of the court.

All concur.