**Charles E. WILSON, Appellant,**

**v.**

**Raymond K. PROCUNIER, Director, Department of Corrections, Appellee.**

No. 83–6658.

United States Court of Appeals, Fourth Circuit.

Argued April 6, 1984.

Decided Oct. 25, 1984.

Certiorari Denied Feb. 19, 1985.

See 105 S.Ct. 1206.

William W. Nexsen, Norfolk, Va. (Stackhouse, Rowe & Smith, Norfolk, Va., on brief), for appellant.

Robert Q. Harris, Asst. Atty. Gen., Richmond, Va. (Gerald L. Baliles, Atty. Gen. of Virginia, Richmond, Va., on brief), for appellee.

Before WIDENER, SPROUSE and CHAPMAN, Circuit Judges.

WIDENER, Circuit Judge:

In 1972 Charles Edward Wilson was tried in the Circuit Court of Fauquier Co., Virginia and convicted of rape and also murder in the first degree. A confession made by Wilson was introduced at trial in which he admitted raping and beating the victim. He did not know, however, that he had

killed her because he thought, according to the confession, that she was still alive when he last saw her. In his instructions to the jury, the trial judge charged "that a man is presumed to intend that which he does, or which is the immediate or necessary consequences of his act." Defense counsel did not object to that instruction, nor did he claim it as error on appeal.

In 1982, Wilson filed this action in the federal district court seeking habeas corpus relief.[1] The district court denied the writ under Rule 9 of the Rules Governing § 2254 Cases in the United States District Courts, finding that Wilson's petition was successive and delayed.

Wilson now appeals the denial of this latest petition for a writ of habeas corpus. He alleges several grounds of constitutional error, all of which we summarily dispose of as being without merit save one. Wilson contends that he was denied effective assistance of counsel because his attorney did not object to the trial court's instruction quoted above that a man is presumed to intend that which he does or which is the immediate or necessary consequences of his act Wilson claims that such an instruction is in violation of the rule of *Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979) and that his attorney was ineffective for not objecting to it.[2]

The governing law in this circuit at the time of argument was *Honeycutt v. Mahoney*, 698 F.2d 213 (4th Cir.1983). Honeycutt argued that his attorney was ineffective because he did not object to an instruction creating a presumption of malice to be rebutted by the defendant. Such an instruction was found to be invalid two years later in *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975). We held that defense counsel was not ineffective for failing to anticipate the Supreme Court's holding in *Mullaney*, and that because his attorney was in fact not ineffec-

tive, Honeycutt had not met the cause requirement necessary for seeking federal habeas corpus relief as established in *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). See also *Hankerson v. North Carolina*, 432 U.S. 233, 244 n. 8, 97 S.Ct. 2339, 2345 n. 8, 53 L.Ed.2d 306 (1977).

Following oral argument in the case at hand, *Reed v. Ross*, —— U.S. ——, 104 S.Ct. 2901, 82 L.Ed.2d 1 (1984) was decided. Ross had been convicted in 1969 of murder and the jury was instructed that he was subject to a certain presumption of malice, thus placing the burden on him to disprove it, as well as the burden of proving self-defense. The instructions were much like those given in *Hankerson v. North Carolina*, 432 U.S. 233, 97 S.Ct. 2339, 53 L.Ed.2d 306 (1977). The Court held that because the burden shifting issue was novel in 1969, before its decision in *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), this was cause to fail to raise the issue on direct appeal in the state courts under *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), and thus avoid a holding of procedural default. It distinguished *Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982), as a case in which the conviction occurred following *Winship*.

Wilson here finds himself in the shoes of the *Isaac* defendants rather than the shoes of Ross. Like those defendants, his 1972 conviction occurred following the Court's 1970 decision in *Winship*. *Engle v. Isaac* reaffirms the rule of procedural default for failure to raise the claim on direct appeal in the state courts as to defendants tried after the *Winship* decision. *Engle* at p. 134 and n. 43, 102 S.Ct. at p. 1575 and n. 43.

Because Wilson's trial was in 1972, *Winship* having been decided in 1970, and because Wilson did not raise the burden shifting issue on direct appeal in the state

---

**1.** Wilson had previously filed two petitions for habeas corpus relief with the Virginia Supreme Court, in 1975 and in 1981 as amended in 1982, and one such petition in the federal district court in 1976. Relief was denied in each case.

**2.** The first time Wilson raised this issue was in his 1981 state habeas corpus petition.

courts, he has not shown cause under *Wainwright* to avoid procedural default.

The judgment of the district court is accordingly

AFFIRMED.