James LEGGINS, Appellee,

v.

A.L. LOCKHART, Director, Arkansas Department of Correction, Appellant.

No. 86–2173.

United States Court of Appeals,
Eighth Circuit.

Submitted April 13, 1987.

Decided June 25, 1987.

Rehearing Denied July 31, 1987.

Jack Gillean, Little Rock, Ark., for appellant.

Michael S. McCrary, Little Rock, Ark., for appellee.

Before LAY, Chief Judge, ARNOLD and WOLLMAN, Circuit Judges.

LAY, Chief Judge.

This appeal arises out of the federal grant of a writ of habeas corpus on double jeopardy grounds by the district court.[1] The state urges that the petitioner is barred from raising his constitutional claim due to his procedural default by failing to raise the claim on direct appeal in state court. The district court held that the claim was novel and constituted cause for failure to previously raise the claim. We must respectfully disagree. We reverse, and remand with directions to deny the petition.

James Leggins was convicted by an Arkansas state court jury in 1979 of two counts of aggravated robbery and sentenced by that jury in a bifurcated proceeding to thirty years imprisonment under the Arkansas habitual offender statute, Ark. Stat. Ann. §§ 41–1001—1005 (Supp.1985). On appeal, the Arkansas Supreme Court reversed, holding that the introduction of the prior conviction of a "James Ligion" during the sentencing phase of Leggins' trial, to prove that Leggins had two convictions prior to his 1979 aggravated robbery convictions, was insufficient evidence to support a finding that Leggins was a habitual offender.[2] In March, 1980, Leggins was retried before a jury, reconvicted, and resentenced in a second bifurcated proceeding to two consecutive terms of life imprisonment. At the second sentencing proceeding, the state introduced as additional proof of Leggins' prior convictions an affidavit of indigency allegedly signed by Leggins with the signature "James Liggion." In December, 1980, the second conviction and sentence was affirmed by the Arkansas Supreme Court.[3]

In May, 1985, Leggins petitioned pro se in federal district court for a writ of habeas corpus. He claimed that his second conviction and sentence violated the double jeopardy clause of the fifth amendment and that his attorney's failure to object at trial to the state's evidence of his habitual criminal status violated his sixth amendment right to effective assistance of counsel. In reviewing the habeas corpus petition, the district court found that the double jeopardy clause was not applied to sentencing proceedings until 1981 in *Bullington v. Missouri,* 451 U.S. 430, 101 S.Ct. 1852, 68 L.Ed.2d 270 (1981), while Leggins' resentencing was in March, 1980, and the state court's affirmance of that sentence on appeal was issued in December, 1980. The district court concluded that under *Reed v. Ross,* 468 U.S. 1, 104 S.Ct. 2901, 82 L.Ed.2d 1 (1984), the application of the double jeopardy clause in the context of sentencing enhancement proceedings was so novel that Leggins' counsel could not reasonably have been expected to assert it and that Leggins had therefore demonstrated cause for failure to have previously raised the claim in state court. The district court granted the writ and ordered that if Leggins was not resentenced to a ten year term of imprisonment or retried within sixty days, he should be released.[4] 649 F.Supp. 894.

■ It is undisputed that Leggins has never asserted his double jeopardy defense in Arkansas state court. He is now barred under Arkansas' three-year statute of limitations from filing for postconviction relief in the state court. *See* Ark.R.Crim.P. 37.2.

1. The Honorable Elsijane T. Roy, United States District Judge for the Eastern District of Arkansas, presiding.

2. *Leggins v. State,* 267 Ark. 293, 590 S.W.2d 22 (Ark.1979).

3. *Leggins v. State,* 271 Ark. 616, 609 S.W.2d 76 (Ark.1980).

4. The district court's order was stayed pending this appeal.

Therefore, no remedies are available for Leggins to exhaust. The state argues that the failure to raise his constitutional claim in state court constitutes a deliberate bypass of state procedures which erects a procedural bar to federal court consideration of Leggins' petition on the merits. To avoid procedural default, Leggins must show both cause and prejudice, for in the absence of such a showing, a defendant who has failed to raise a constitutional claim in state court is procedurally barred from litigating that claim in a federal habeas proceeding. *Engle v. Isaac*, 456 U.S. 107, 110, 102 S.Ct. 1558, 1562, 71 L.Ed.2d 783 (1982) (citing *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977)). In *Reed v. Ross*, the Supreme Court further clarified this standard by stating that cause may exist if the claim raised is so novel that there was no reasonable basis to have asserted it before. *Reed*, 468 U.S. at 16, 104 S.Ct. at 2910. In determining that the constitutional claim was so novel that the legal basis for the claim was not reasonably available to counsel, the Supreme Court in *Reed* found that a century of North Carolina law had sanctioned the practice of which that defendant had complained, and that the Supreme Court case which found the practice unconstitutional was not decided until six years after the trial. *Reed*, 468 U.S. at 18, 104 S.Ct. at 2911. Moreover, the issue raised by that defendant had not surfaced in the state courts until five years after the trial and only one court of appeals had held contrary to the weight of precedent. *Id.* Because these were the only cases that could support that defendant's constitutional claim at all, and were at best indirect support for that claim, the Supreme Court found the issue novel enough to constitute cause to excuse that defendant's procedural default. *Id.* at 19, 104 S.Ct. at 2912.

Courts since *Reed* have differed in their interpretation of the scope of the habeas court's exercise of its power to overlook procedural default and hear the merits of a defendant's constitutional claim and this circuit has never squarely addressed the issue. *Compare Wilson v. Procunier*, 747 F.2d 251, 252 (4th Cir.1984), *cert. denied*

*sub nom., Wilson v. Sielaff*, 469 U.S. 1220, 105 S.Ct. 1206, 84 L.Ed.2d 348 (1985) (issue not novel if two year lapse between decision announcing new rule and trial) *with McBee v. Grant*, 763 F.2d 811, 817 & n. 5 (6th Cir.1985) (citing *Wilson*, interprets *Engle* and *Reed* as creating bright line rule that failure to raise a claim before new rule is announced automatically creates cause; fact that lower courts have anticipated result does not destroy novelty). However, in determining novelty, courts generally seem to adhere to a common sense view of what reasonably diligent counsel would have been aware of. *See Breest v. Cunningham*, 784 F.2d 435, 437 (1st Cir.), *cert. denied*, —— U.S. ——, 107 S.Ct. 152, 93 L.Ed.2d 93 (1986) (legal basis for trial objection exists if there are cases that express strong concerns regarding the constitutionality of the claims); *United States v. Bonnette*, 781 F.2d 357, 361–62 (4th Cir. 1986) (conflict in the circuits and decisions of lower courts can provide basis for a constitutional argument, so that if the argument is not raised below it cannot be raised later on novelty grounds).

We conclude that the tools were available prior to the Arkansas Supreme Court's ruling on Leggins' second appeal to form a legal basis for the double jeopardy argument now raised in Leggins' habeas petition. In *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), the Supreme Court found that the double jeopardy clause was not implicated when a defendant is retried upon convictions that were reversed on appeal because of an error in the proceedings. *See also Stroud v. United States*, 251 U.S. 15, 40 S.Ct. 50, 64 L.Ed. 103 (1919) (double jeopardy clause does not bar imposition of the death penalty when defendant reconvicted at new trial). An exception to the rule in *Pearce* was established in *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), which held that double jeopardy is implicated if there is a retrial when the ground for reversal of a defendant's conviction is insufficiency of the evidence. In *Bullington v. Missouri*, the Supreme Court distinguished *Pearce* and *Stroud* and applied *Burks* to hold that the

protections afforded by the double jeopardy clause extend to sentencing proceedings that have the hallmarks of a trial, including guilt and innocence determinations. *Bullington*, 451 U.S. at 439, 446, 101 S.Ct. at 1858, 1862.

Whether the double jeopardy clause should apply to sentencings which involve factual determinations for enhancement purposes, as was true in Leggins' bifurcated hearing on his habitual offender status, was not a legal doctrine unprecedented before *Bullington* but had been foreshadowed by *Burks* and by the holdings of other federal and state courts. In a decision issued in August, 1980, a federal district court applied *Burks* to facts similar to those of the instant case to hold that the presentation of new evidence at a punishment enhancement hearing following reversal of an earlier sentence violated the double jeopardy clause. *See Bullard v. Estelle*, 502 F.Supp. 887, 894 (N.D.Tex.1980), *aff'd* 665 F.2d 1347 (5th Cir.1982), *vacated on other grounds*, 459 U.S. 1139, 103 S.Ct. 776, 74 L.Ed.2d 987 (1983). Several state courts had also considered whether the double jeopardy clause applies to second sentencing enhancement proceedings. *See, e.g., People v. Henderson*, 60 Cal.2d 482, 35 Cal.Rptr. 77, 86, 386 P.2d 677, 686 (Cal. 1963) (pre-*Burks* case, holding it impermissible for state to attempt to relitigate at second trial whether the defendant should receive the death penalty after a prior jury had determined that death penalty not warranted); *Reed v. State*, 581 S.W.2d 145, 149–50 (Tenn.Crim.App.1978) (*Burks* precludes retrial of defendant in habitual criminal enhancement proceedings where at first sentencing trial state failed to prove appellant's alleged prior convictions); *Porier v. State*, 591 S.W.2d 482, 484–85 (Tex. Crim.App.1979) (court en banc determined that double jeopardy clause does not apply to sentencing enhancement proceedings, but four of nine members of the court in dissent stated that they would hold that *Burks* precludes state from attempting again to prove enhancement allegations at second sentencing proceeding); *see also Shagloak v. State*, 597 P.2d 142, 145 n. 18 (Alaska 1979) (in holding under state constitution that due process prohibits double

sentencing proceedings because threat of greater penalty on resentencing chills defendant's exercise of right to appeal, court notes other state court cases reaching similar results on different grounds, including double jeopardy).

Further, the state court opinion which was appealed from in *Bullington* timely provided grounds for the constitutional argument now pressed by Leggins. *See State ex rel. Westfall v. Mason*, 594 S.W.2d 908 (Mo.1980). In *Mason*, a majority of the Missouri Supreme Court found that the double jeopardy clause did not apply to a second punishment enhancement proceeding in the death penalty context. However, in a vigorous dissent, it was concluded that in the context of a bifurcated sentencing proceeding which involves factfinding by a jury for enhancement purposes, the double jeopardy clause does apply. *Id.* at 925 (Seiler, J., dissenting). That dissent also notes that several state courts had already addressed the issue in the defendant's favor in the death penalty context. *Id.* The Missouri state court's opinion was issued in February, 1980, and modified on denial of rehearing in March, 1980, well before the Arkansas Supreme Court's decision in this case in December, 1980. Moreover, certiorari was granted in the Missouri Supreme Court's opinion on October 6, 1980, *Bullington v. Missouri*, 449 U.S. 819, 101 S.Ct. 70, 66 L.Ed.2d 21 (1980), two months before the Arkansas Supreme Court issued its ruling affirming Leggins' conviction.

■ Plainly, other defendants before Leggins had relied on *Burks* and on other authority to challenge double sentencing proceedings as a violation of double jeopardy. Even those courts which had rejected the constitutional claim acknowledged that it was a live issue. *See Engle*, 456 U.S. at 107 n. 41, 102 S.Ct. at 1558 n. 41 (even decisions rejecting an argument can show that issue was a live one in the courts). The standard for determining novelty is not whether subsequent legal decisions make recognizing the issue easier, but whether at the time of the procedural default the claim was available at all. *Smith v. Murray*, 477 U.S. 527, 106 S.Ct. 2661, 2667, 91 L.Ed.2d 434 (1986). Not every counsel will recognize a constitutional claim, but the

Constitution guarantees criminal defendants only a fair trial and competent representation. *Engle,* 456 U.S. at 134, 102 S.Ct. at 1575. Where, as here, the legal basis for making the constitutional claim was available and other defense counsel had perceived and litigated the claim, it cannot be said that Leggins' counsel so lacked the tools to construct this constitutional argument before the state court that cause existed which excuses the procedural default. Moreover, since we conclude that the defendant lacked cause for his procedural default, we need not consider whether he also suffered actual prejudice. *Id.* n. 43.

We hold that Leggins' failure to raise his double jeopardy claim before the state court bars consideration of his claim in a federal habeas corpus proceeding.[5] The judgment of the district court granting the petition for habeas corpus is reversed, and the case remanded with directions to dismiss Leggins' habeas corpus petition.

See also 632 F.Supp. 937.

**5.** Leggins' sixth amendment challenge also fails to state a ground for federal habeas relief. This issue was addressed neither by the state court nor by the federal district court below. A claim of ineffective assistance of counsel must be presented to the state court as an independent claim before it may be used to establish cause for procedural default or denominated as a ground for habeas relief. *Murray v. Carrier,* 477 U.S. 478, 106 S.Ct. 2639, 2646, 91 L.Ed.2d 397 (1986). Because it does not appear that the state court was given the opportunity to correct, if necessary, this alleged constitutional defect, principles of comity require us to reject Leggins' sixth amendment claim. *Id.* Moreover, "[l]awyers, like other people, are not perfect", *Williams v. Nix,* 751 F.2d 956, 962, *cert. denied,* 471 U.S. 1138, 105 S.Ct. 2681, 86 L.Ed.2d 699 (1985), and we believe that counsel's failure to raise this constitutional objection at trial was not so serious as to constitute ineffective assistance of counsel. *See id.*