Kenneth W. HEISTAND, Appellant,

v.

STATE of Missouri, Respondent.

STATE of Missouri, Respondent,

v.

Kenneth Wayne HEISTAND, Appellant.

STATE of Missouri, Respondent,

v.

Kenneth Wayne HEISTAND, Appellant.

Nos. 14969, 15000 and 15007.

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 28, 1987.

Motion for Rehearing and Transfer
to Supreme Court Denied
Oct. 20, 1987.

Application to Transfer Denied
Dec. 15, 1987.

Peggy S. Hedrick, Springfield, for appellant.

William L. Webster, Atty. Gen., Jeffrey Philip Dix, Asst. Atty. Gen., Jefferson City, for respondent.

CROW, Chief Judge.

On this Court's motion, these three appeals were ordered consolidated June 16, 1987. They will, however, be dealt with individually in this opinion.

### Appeal 15007

This appeal is from circuit court case CR581-12-FX-4, wherein appellant was convicted in 1983, per jury trial, of robbery in the first degree, § 569.020, RSMo 1978, and assault in the second degree, § 565.060, RSMo 1978, and sentenced as a persistent offender by the trial court to life imprisonment for the robbery, and ten years' imprisonment for the assault, the sentences to run consecutively.

Appellant perfected an appeal to this Court, whereupon we asked the Supreme Court of Missouri to transfer the appeal there prior to opinion, to resolve an assignment of error regarding the receipt in evidence of a letter from appellant to his wife. The Supreme Court accepted the appeal and, in *State v. Heistand,* 708 S.W.2d 125 (Mo. banc 1986), resolved the issue adversely to appellant and retransferred the case to us for consideration of the other assignments of error briefed by appellant.

We thereafter considered those points and, in *State v. Heistand,* 714 S.W.2d 842 (Mo.App.1986), upheld the jury's verdicts of guilty of both crimes. We did, however, rule that a 1977 conviction of fraudulent use of a credit card, one of the two convictions relied on by the State to establish that appellant was a *persistent* offender, was a misdemeanor conviction, not a felony conviction. Pointing out that the other conviction relied on by the State, a 1979 conviction for possession of a controlled substance, was a felony conviction, and that by reason thereof appellant was a *prior* offender as defined by § 558.016.2, RSMo Cum.Supp.1984, and consequently subject to sentencing by the trial court and not the jury, § 557.036.4, RSMo Cum.Supp.1984, we vacated the two sentences and remanded the case to the trial court for resentencing per § 557.036.

After our mandate issued, appellant, by counsel, filed in the trial court a written "Request for Presentence Investigation" asking the trial court to order a presentence investigation and report pursuant to § 557.026, RSMo 1986.

The trial court, on November 7, 1986, took up the motion, remarking:

"... court does believe it's discretionary and in the exercise of that discretion court feels that pre-sentence investigation would not be of assistance to the court on the question of sentencing.

I do have a good recollection of the offense and circumstances of the case

having been the trial judge at the time of the trial.

So, the court would overrule the request for pre-sentence investigation."

The trial court thereafter granted allocution, and sentenced appellant to life imprisonment for the robbery, and five years' imprisonment for the assault, the sentences to run consecutively to each other and consecutively to the sentence imposed in circuit court case CR581–141–FX–1. That case is the subject of appeal 15000, discussed *infra.*

Appellant thereupon perfected the instant appeal to this Court, briefing three assignments of error, the first of which avers that the trial court erred and abused its discretion in refusing to order a presentence investigation, in that "a probation officer was available [and appellant] did not waive a presentence investigation."

The point brings to our attention the discordance between § 557.026.1, RSMo 1986, and Rule 29.07(a)(1), Missouri Rules of Criminal Procedure (17th ed. 1986). Section 557.026.1, a part of The Criminal Code effective January 1, 1979, provides, in pertinent part:

"When a probation officer is available to any court, such probation officer shall, unless waived by the defendant, make a presentence investigation in all felony cases and report to the court before any authorized disposition under section 557.-011."

The above-quoted segment has remained unchanged since it took effect.

Rule 29.07(a)(1), effective January 1, 1980, applies to felonies and misdemeanors. It provides, in pertinent part:

"When a probation officer is available to the court, such probation officer shall, unless otherwise directed by the court, make a pre-sentence investigation and report to the court before the imposition of sentence or the granting of probation."

As observed in *State v. Phroper,* 619 S.W.2d 83, 90–91 (Mo.App.1981), there is a patent inconsistency between the statute and the rule. The statute requires a presentence investigation and report in all fel-

ony cases when a probation officer is available to the court, *unless such investigation is waived by the defendant.* The rule, however, requires a presentence investigation and report when a probation officer is available to the court, *unless otherwise directed by the court.*

*Phroper* held that the rule takes precedence over the statute, consequently the use of presentence investigations and reports in felony cases is discretionary with the trial court, rather than mandatory. 619 S.W.2d at 91[11]. In subsequent cases presenting the same issue, *Phroper* has consistently been followed. *State v. Barnard,* 678 S.W.2d 448, 452[7, 8] (Mo.App. 1984); *State v. Jennings,* 649 S.W.2d 448, 455[25] (Mo.App.1983); *Cole v. State,* 641 S.W.2d 439, 440–41 (Mo.App.1982).

In the argument under his first point, appellant, as we understand him, maintains that the trial court was compelled by the statute to grant the request for a presentence investigation, or, in the alternative, the trial court abused its discretion in denying the request.

*Phroper* and its progeny answer the first component of appellant's argument, and we can add nothing to what is said in those decisions. Appellant's contention that the trial court was required by § 557.026.1, RSMo 1986, to grant the request for a presentence investigation is without merit.

Having decided that, we do not reach the issue of whether an accused who predicates error on the denial of his request for a presentence investigation bears the burden of showing that a probation officer was "available to the court." Availability of a probation officer, it will be recalled, is a condition precedent to a presentence investigation and report under both the statute and the rule. In the instant case, the transcript of the sentencing hearing after remand shows that appellant made no effort to show that a probation officer was available to the court. Whether it was appellant's obligation to do so is a question we need not address.

In support of his assertion that the trial court's denial of the request for a presen-

tence investigation was an abuse of discretion, appellant refers us to § 557.036.1, RSMo 1986, which provides that "the court shall decide the extent or duration of sentence or other disposition to be imposed under all the circumstances, having regard to the nature and circumstances of the offense and the history and character of the defendant. . . ." According to appellant, a judge who presides over a trial may be unaware of the history and character of the defendant, and a presentence investigation will furnish the defendant an "expert opinion" of a professional probation officer to be considered by the judge at time of sentencing. Appellant avers that the denial of his request for a presentence investigation deprived him "of his primary rights to present evidence on his own behalf."

The contention is without merit. As noted earlier, the trial court, at the time it imposed the sentences after remand, stated it had a good recollection of the case, having presided at the trial.

Capsulized, the State's evidence showed that appellant and one Sprous, wearing masks, entered a pharmacy on January 5, 1981. Sprous was armed with a rifle. Appellant approached the pharmacist and demanded narcotics. When the pharmacist was slow to comply, he was slapped by appellant and shot through the chest by Sprous. The bullet penetrated a lung and shattered a rib. The pharmacist was nonetheless able to show the culprits a shelf where some bottles of dilaudid, a controlled substance, were sitting. Appellant seized the dilaudid, and the duo fled the pharmacy. The pharmacist was hospitalized a week to ten days recuperating from the wound.

In addition to the circumstances of the offenses, the trial court was also aware, of course, of appellant's prior convictions for fraudulent use of a credit card and possession of a controlled substance.

Furthermore, at the time the original sentences were imposed (April 19, 1983), the trial court asked appellant and his law-

yer [1] whether they wanted to say anything on the question of sentencing. Appellant responded: "I think I should be entitled to a presentence investigation regardless of what's the Court's gonna do. Hell, you might find me to be a pretty good ole boy, you know." Appellant offered no information regarding his "history and character." Appellant's lawyer likewise presented nothing.

At the sentencing hearing after remand, the trial court asked whether appellant's lawyer wanted to say anything on appellant's behalf on the question of sentencing. Appellant's lawyer stated a presentence investigation would show that appellant had participated in "mens violence groups" in Jefferson City, and had received "some certificates for good citizenship." Nothing further was put forth by appellant or counsel regarding appellant's "history and character."

Appellant's theory, as we comprehend it, is that the denial of his request for a presentence investigation barred him from presenting information about himself to the trial court pertinent to the issue of sentencing.

The contention is ludicrous. As the record amply demonstrates, appellant was twice accorded the opportunity to offer anything he desired before being sentenced. Appellant makes no attempt to show how a presentence investigation could have presented favorable information about his "history and character" more effectively than he and his lawyer could have.

Appellant has failed to demonstrate an abuse of discretion by the trial court in rejecting appellant's request for a presentence investigation, and has likewise failed to show that the rejection of such request deprived him of his right to present evidence on his own behalf. His first point is, accordingly, denied.

Appellant's second assignment of error maintains that the trial court erred in

1. The attorney representing appellant on this appeal did not represent him at the original sentencing hearing.

failing to consider appellant's "history and character" as required by § 557.036.1, mentioned *supra*. The answer to that complaint is that the trial court, as we have seen, gave appellant ample opportunity, both at the time of the original sentencing and again at the sentencing after remand, to present anything he wished on the issue of sentencing. Having failed to tender any information to the trial court regarding his "history and character," appellant is in no position to complain. The trial court cannot be faulted for failing to consider appellant's "history and character" when appellant presented no information in regard thereto.

Appellant's third assignment of error alleges there was insufficient evidence that he had a "prior conviction for a felony," in that the certified copy of the sentence and judgment of appellant's 1979 conviction for possession of a controlled substance did not state whether the crime was a felony or misdemeanor.

In his reply brief, appellant states he did not intend to assert the point in appeal 15007, with which this segment of our opinion has dealt, and his counsel confirmed that during oral argument. More importantly, however, no issue was raised in appellant's motion for new trial regarding the conviction for possession of a controlled substance. Therefore, the issue has not been preserved for appellate review. *State v. Spica*, 389 S.W.2d 35, 50[22] (Mo.1965), *cert. denied*, 383 U.S. 972, 86 S.Ct. 1277, 16 L.Ed.2d 312 (1966). Accordingly, we forgo consideration of the third point in our adjudication of appeal 15007.

Normally, we would be finished with appeal 15007. However, appellant, on June 25, 1987, filed in this Court a pro se "Petition to Recall Mandate," praying that we recall the mandate that issued following our opinion in the first appeal (714 S.W.2d 842). In the interest of resolving, in one opinion, all issues before this Court in the instant case, we shall address the pro se petition.

Appellant correctly points out that the offenses occurred January 5, 1981, and that at such time the provisions authorizing a trial court to sentence a defendant as a "prior offender" had not yet been enacted. Those provisions, which are now §§ 557.-036.2(2) and .4, and 558.016.2, RSMo 1986, were enacted in their present form by the Eighty-first General Assembly, First Regular Session, and became effective September 28, 1981. Laws 1981, S.C.S.H.C.S.H.B. 554, p. 636.

Appellant's trial occurred March 21–24, 1983, some 18 months after the "prior offender" provisions had been added to the sentencing procedures of The Criminal Code. Therefore, at the time of appellant's trial (and, of course, at the time of our remand for resentencing in 1986), the prior offender provisions were in effect.

Appellant argues, however, that the Supreme Court of Missouri "has ruled that the habitual criminal statute at the time of the offense is the applicable statute and not a new statute coming in after the offense." Therefore, reasons appellant, when we determined, in the first appeal, that one of the two convictions relied on by the State to establish that appellant was a persistent offender was a misdemeanor conviction, not a felony conviction, we were in error in remanding the case with directions that appellant be sentenced as a prior offender. Appellant maintains we should have set aside the guilty verdicts and ordered a new trial.

As authority for his position, appellant cites *State ex rel. Peach v. Bloom*, 576 S.W.2d 744 (Mo. banc 1979). There, the accused was charged with having committed the felony of assault with intent to kill with malice aforethought on May 9, 1978. At the time of the alleged crime, the Second Offender Act, § 556.280, RSMo 1969, was in effect. It was repealed by The Criminal Code, effective January 1, 1979. Laws 1977, S.B. 60, pp. 662–63. On January 2, 1979, the accused's case was assigned to a judge for trial. The prosecutor sought to prove that the accused was subject to sentencing under the Second Offender Act. The accused objected on the grounds that the Second Offender Act had been repealed, and that the persistent offender and dangerous offender provisions

of The Criminal Code, effective January 1, 1979, were inapplicable to an offense committed before that date. The Supreme Court held that by virtue of § 556.031.3, RSMo 1978, a part of The Criminal Code, the Second Offender Act applied to the subject case. Section 556.031.3, RSMo 1978, provided:

"The provisions of this code do not apply to or govern the construction of and punishment for any offense committed prior to January 1, 1979, or the construction and application of any defense to a prosecution for such an offense. Such an offense must be construed and punished according to the provisions of law existing at the time of the commission thereof in the same manner as if this code had not been enacted, the provisions of section 1.160, RSMo, notwithstanding."

The Supreme Court ruled that the General Assembly, in enacting the above provision, intended that the Second Offender Act apply in the trial of any felony committed prior to January 1, 1979, even though the trial occurred after that date. *Id.* at 746–47[3].

In our opinion, *Peach* does not aid appellant. The holding in *Peach* was based solely on § 556.031.3. That section does not apply to appellant's case, as the robbery and assault for which appellant was convicted occurred more than two years *after* January 1, 1979.

As we see it, the applicable case is *State v. Griffin*, 339 S.W.2d 803 (Mo.1960), *cert. denied*, 366 U.S. 938, 81 S.Ct. 1666, 6 L.Ed. 2d 849 (1961), cited in *Peach*. In *Griffin*, the accused was charged with having committed a robbery November 24, 1958. At that time, the Second Offender Act, § 556.280, RSMo 1949, provided that evidence affecting the punishment thereunder was to be adduced before the jury for the assessment of punishment by the jury. The Second Offender Act was amended effective August 29, 1959. Under the amendment, evidence of the prior convictions was heard by the judge, and the judge fixed the punishment. The accused's trial occurred after the effective date of

the amendment. The judge excused the jury, heard evidence pertaining to the Second Offender allegations, and found the State had established three prior convictions of the accused. The jury found the accused guilty, and the judge then assessed punishment.

On appeal, the accused claimed the judge violated the accused's constitutional and statutory rights by depriving the jury of the right to pass on the issue of prior convictions and the right to assess punishment. The Supreme Court, citing *State v. Morton*, 338 S.W.2d 858 (Mo.1960), held that the Second Offender Act is procedural in nature, and that the trial of the accused under the Act as amended was not a proceeding under a statute retrospective in its operation and amounting to an ex post facto law in contravention of the United States or Missouri constitutions, did not deprive the accused of due process of law in contravention of the United States or Missouri constitutions, and did not deprive the accused of any constitutional right to have a jury pass on his prior convictions and punishment under the former version of the Act. *Griffin*, 339 S.W.2d at 806[8]. The Supreme Court further held that inasmuch as the Second Offender Act was a procedural statute, exception "(2)" of § 1.160, Laws 1957, p. 592 (now § 1.160, RSMo 1986), required application of the Second Offender Act as it existed at the time of the accused's trial. The conviction was affirmed.

■ Section 1.160, RSMo 1986, reads today just as it did at the time of *Griffin*. Under the prior offender provision in effect at the time appellant was tried, the evidence of the earlier felony convictions was to be heard by the judge, outside the hearing of the jury. § 558.021.1 and .2, Laws 1981, p. 637. If the judge found the accused to be a prior offender, i.e., an individual who had pleaded guilty to or had been found guilty of one felony, § 558.016.2, Laws 1981, p. 636, the judge, upon a jury verdict of guilty, was to assess punishment. § 557.036, Laws 1981, p. 636. The finding that an accused was a prior offender did not increase the maximum permissi-

ble term of imprisonment. § 558.016.1, Laws 1981, p. 636. Such procedure is identical to the procedure under the Second Offender Act. § 556.280, RSMo 1969.

We therefore hold, on the authority of *Griffin* and *Morton*, that appellant was subject to the sentencing procedure for prior offenders in effect at the time of his trial, even though such procedure was not in effect at the time of the offenses.

Appellant also argues he was wrongly sentenced as a prior offender because, in his words, "the state pleaded in the amended information that the appellant was a 'persistent offender' and did not plead in the alternate 'prior offender.'"

■ The argument is without merit. The amended information pleaded both the 1977 conviction of fraudulent use of a credit card, and the 1979 conviction of possession of a controlled substance. As noted above, a prior offender is one who has pleaded guilty to or has been found guilty of one felony. The trial court's finding that appellant, in 1979, had been convicted of the felony of possession of a controlled substance established, as a matter of law, that appellant was a prior offender. Thus, appellant was not found to be a prior offender on the basis of an unpleaded or unproven conviction. Everything necessary to establish that appellant was a prior offender was alleged in the amended information and shown by the evidence.

Finally, appellant, pro se, directs us to *Leggins v. Lockhart*, 822 F.2d 764 (8th Cir.1987), decided June 25, 1987, a date subsequent to the filing of the brief herein by appellant's counsel. In *Leggins*, the accused was convicted by jury in an Arkansas state court of two counts of aggravated robbery, and sentenced by that jury in a bifurcated proceeding to 30 years' imprisonment under the Arkansas habitual offender statute. On appeal, the Supreme Court of Arkansas reversed, holding that the evidence presented by the State was insufficient to establish one of the two prior convictions relied on to show the accused was an habitual offender. The accused was thereafter retried before a jury, reconvicted, and resentenced in a second

bifurcated proceeding, at which the State introduced additional proof of the prior conviction insufficiently proved at the first trial. The accused appealed anew, and this time the conviction was affirmed by the Supreme Court of Arkansas.

Several years later, the accused petitioned pro se in the United States District Court for a writ of habeas corpus, claiming his second conviction and sentence violated the double jeopardy clause of U.S. Const. amend. V, and that his attorney's failure to object at the second trial to the State's evidence of habitual criminal status violated the accused's right to effective assistance of counsel under U.S. Const. amend. VI. The District Court granted relief.

The State appealed, pointing out that the accused never asserted the double jeopardy contention in the state courts, and that such omission constituted a deliberate bypass of state procedures, which barred federal court consideration of the issues. The United States Court of Appeals, Eighth Circuit, agreed, holding that the accused had failed to demonstrate good cause for neglecting to assert the double jeopardy contention in the state courts. The opinion reached the same result regarding the claim of ineffective assistance. The judgment of the District Court was reversed and the case was remanded with directions to dismiss the petition.

In the instant case, appellant argues that in *Leggins*, had the issue regarding the second recidivist hearing been preserved, the accused "would have obtained a reversal." Appellant maintains that "double jeopardy applies to sending [my] case back for a second recidivist hearing."

The argument misses the mark. In appellant's case—unlike *Leggins*—the prosecutor was not given a second chance to prove appellant was a *persistent* offender. The determination that appellant was a *prior* offender was, as noted earlier, based upon proof of the 1979 conviction for possession of a controlled substance, a conviction unchallenged in appellant's motion for new trial or in his original appeal. No further evidence regarding appellant's prior convictions was presented by the prose-

cutor at the sentencing hearing after remand. Furthermore, as appellant, after remand, was sentenced only as a *prior* offender, the maximum permissible term of imprisonment for the assault was reduced from 10 years, as it would have been for a persistent offender, § 558.016.4(4), RSMo Cum.Supp.1980, to 5 years. § 588.011.1(4), RSMo Cum.Supp.1980, and § 558.016.1, RSMo Cum.Supp.1982. Appellant's case is therefore factually unakin to *Leggins*.

Finding no basis for reversal in any of the contentions presented by appellant in appeal 15007, we affirm the judgment and sentences in circuit court case CR581–12–FX–4.

## Appeal 15000

This appeal is from circuit court case CR581–141–FX–1, wherein appellant was convicted per jury trial August 16–17, 1982, of the class D felony of escape from confinement. § 575.210, RSMo 1978. Found by the trial court to be a persistent offender on the basis of the 1977 conviction of fraudulent use of a credit card and the 1979 conviction of possession of a controlled substance, referred to in our consideration of appeal 15007, appellant was sentenced by the trial court to ten years' imprisonment. On appeal to this Court, the judgment was affirmed by an unpublished summary order. Rule 30.25(b), Missouri Rules of Criminal Procedure (14th ed. 1983). The number assigned that appeal was 13105.

Nothing further happened in CR581–141–FX–1 until November 7, 1986, when appellant's sentence was changed by the trial court from ten years' imprisonment to five years' imprisonment. How that came about is explained in our discussion of appeal 14969, hereunder.

## Appeal 14969

This appeal is from circuit court case CV184–107–CC–1, a proceeding brought by appellant under Rule 27.26, Missouri Rules of Criminal Procedure (15th ed. 1984), wherein appellant sought an order vacating the judgment and sentence in circuit court case CR581–141–FX–1 (the subject of appeal 15000, *supra*). The motion was filed by appellant, pro se, January 16, 1984, and averred that he was denied effective assistance of counsel in case CR581–141–FX–1. Counsel was appointed to represent appellant in the 27.26 proceeding, and a "Supplemental Motion" was later filed.

On August 20, 1984, the trial court, Honorable Jack A. Powell, conducted an evidentiary hearing, at which appellant appeared in person and with counsel. Judge Powell took the matter under submission, pending the filing of suggestions by each side.

Judge Powell's health thereafter failed, and he died before making findings of fact and conclusions of law.

On May 28, 1985, through the attorney who represents him in these appeals, appellant filed in the trial court a "Second Supplemental Motion to his Motion of Rule 27.26," which alleged, among other things, that the attorney who represented him at trial in case CR581–141–FX–1 was ineffective in failing to object to the use of the two convictions on which the trial court had based its finding that appellant was a persistent offender. Appellant averred that a "reasonable inquiry would have revealed the fact that the two prior convictions were not felonies."

On August 9, 1985, Judge Powell's successor, Honorable David P. Anderson, conducted an evidentiary hearing at which appellant appeared in person and with counsel. On August 26, 1985, Judge Anderson filed findings of fact and conclusions of law addressing sundry issues, including appellant's contention that he had received ineffective assistance of counsel in case CR581–141–FX–1. Judge Anderson's findings and conclusions provided, in pertinent part:

> "[Appellant] avers ineffective assistance of counsel in not objecting to evidence of prior convictions and trial error concerning sentencing and alleges it is excessive.... The only point meriting consideration herein is the status of the conviction of fraudulent use of a credit card....
>
> As to [that] conviction ... the Court notes that the issue of the status of

[appellant's] prior conviction is presently before our Supreme Court in the appeal of [case CR581-12-FX-4] for which [appellant] was confined when he escaped. In the interest of judicial economy, the Court will take under advisement the matter of the conviction [of fraudulent use of a credit card] until opinion and mandate issue in the appeal of *State v. Heistand, CR581-12FX-4.* This pending suit will determine this issue between the parties in a definitive manner by a superior tribunal. Counsel for both parties are instructed to inform the Court and each other of the result of said appeal when known to them."

Except for the above proviso, Judge Anderson ruled all issues against appellant.

On October 3, 1986, Judge Anderson held another hearing at which appellant appeared in person and with counsel. An assistant prosecutor informed Judge Anderson of the opinion of this Court in *Heistand,* 714 S.W.2d 842, holding that the conviction of fraudulent use of a credit card was a misdemeanor conviction. The prosecutor stated that because of that ruling, the trial court in case CR581-141-FX-1 "did not have jurisdiction to sentence [appellant] as a Persistent Offender in the escape trial but rather only as a Prior Offender and that, therefore, the sentence should be five years rather than ten years."

Appellant, by his counsel, responded that inasmuch as Judge Anderson had not presided at the trial in CR581-141-FX-1, he would be unable to "take into consideration the nature and circumstances of events and the evidence taken at the trial." Appellant's counsel argued that a new trial was consequently required.

Judge Anderson entered "Final Findings of Fact, Conclusions of Law and Order," dated October 3, 1986, providing, in pertinent part, that the conviction of fraudulent use of a credit card was not a prior felony conviction and, as a result, the trial court in case CR581-141-FX-1 "was without jurisdiction to sentence [appellant] as a persistent offender but only had jurisdiction to sentence [appellant] as a prior offender." Then, this:

"... as a result, the maximum sentence the trial Court could have imposed was 5 years rather than 10 years confinement and accordingly the judgment in [CR581-141-FX-1] should be modified to reflect a sentence of 5 years in the Department of Corrections rather then [sic] 10 years in the Department of Corrections."

In all other respects, Judge Anderson's order denied appellant's motion to vacate.

On November 7, 1986, Judge Anderson conducted a sentencing hearing in CR581-141-FX-1 (the subject of appeal 15000, *supra*), at which appellant appeared in person and with counsel. Judge Anderson announced that appellant was before the court for sentencing as a prior offender. Appellant's counsel requested a presentence investigation. Judge Anderson denied the request, granted allocution, and formally sentenced appellant to five years' imprisonment.

Instead of briefing appeal 15000 and appeal 14969 separately, appellant has filed a single brief covering both.[2] The first point in that brief is identical to the first point in appeal 15007. For the reasons set forth in our discussion of the point in appeal 15007, we reject appellant's contention that Judge Anderson was *required* to order a presentence investigation before sentencing appellant November 7, 1986.

■ As to whether Judge Anderson's denial of the request for a presentence investigation was an abuse of discretion, much of what we said in rejecting the same contention in appeal 15007 applies here. Appellant claims the denial of the request deprived him of his right to present evidence in his own behalf. Judge Anderson, before pronouncing sentence, heard comments by the prosecutor and appellant's counsel, and nothing in the transcript suggests that appellant was denied the opportunity of presenting anything he desired on the matter of sentencing.

---

**2.** Appellant filed a separate brief in appeal 15007.

There is, of course, one difference between CR581–12–FX–4 (the robbery and assault case) and CR581–141–FX–1 (the escape case). In the former, the judge who assessed the sentences after remand was the judge who had presided at the jury trial, while in the latter, Judge Anderson was not the judge at the jury trial.

As noted earlier, however, Judge Anderson did preside at the evidentiary hearing of August 9, 1985, in CV184–107–CC–1 (the 27.26 proceeding). Appellant testified at that hearing, and a transcript of his testimony has been supplied us. In his testimony, appellant admitted the escape, but maintained he did so "by reason of duress, and my life was in danger."

Judge Anderson's findings of fact and conclusions of law in CV184–107–CC–1, filed August 26, 1985, recite that the record of the jury trial in CR581–141–FX–1 shows that appellant's counsel at that trial presented testimony by Sprous (appellant's accomplice in the robbery and assault) and one Michael Smith. Judge Anderson's findings further recite that Sprous' testimony established that the escape was his idea, not appellant's, and that Smith testified he had threatened appellant's life and intended to kill appellant in jail if the opportunity arose. Those recitals, and others in Judge Anderson's findings, demonstrate that Judge Anderson, when he assessed the five year sentence November 7, 1986, in CR581–141–FX–1, was familiar with "the nature and circumstances" of the escape. In our examination of the record in appeals 14969 and 15000, we have failed to find any instance where appellant informed Judge Anderson as to what information favorable to appellant would be produced by a presentence investigation. We have likewise found no attempt by appellant to show how a presentence investigation could have presented favorable information about his "history and character" more effectively than he and his lawyer could have. Appellant's first point in appeals 14969 and 15000 is denied.

Appellant's second assignment of error in appeals 14969 and 15000 states:

"The court erred in imposing sentence upon appellant at all, in that the sentencing judge was not the presiding judge at the trial, did not hear the evidence against appellant on the charges contained in the felony information, and did not consider the factors required by RSMo 557.036.1."

What we have said regarding appellant's first and second points in appeal 15007 and his first point in appeals 14969 and 15000 applies with equal force to his second point in the latter two appeals. It is evident Judge Anderson was aware of "the nature and circumstances" of the escape. It is likewise clear that appellant neglected to favor Judge Anderson with any information regarding appellant's "history and character." Appellant's second point in appeals 14969 and 15000 is without merit.

Appellant's third point in appeals 14969 and 15000 avers that his 1979 conviction of possession of a controlled substance was for possession of a Schedule *III* controlled substance. Attached to his brief is a document purporting to be a copy of the 1979 sentence and judgment. Said document recites that the offense was possession of a Schedule *II* controlled substance.

We have no way of knowing what evidence, if any, was presented to Judge Anderson at the hearing on August 9, 1985, in CV184–107–CC–1 (the 27.26 proceeding), as the only portion of that hearing in the transcript furnished us is appellant's testimony, which contains nothing enlightening about the 1979 conviction.

Appellant's brief states that the substance was methylphenidate, a Schedule III controlled substance. § 195.017.6(2)(d), RSMo 1978. It is inferable that some evidence to that effect was presented to Judge Anderson in the hearing of August 9, 1985, as Judge Anderson's findings of fact and conclusions of law, dated August 26, 1985, state, in pertinent part:

"The Court finds that the conviction for possession of methylphenidate is a felony, irrespective of methylphenidate's classification as a schedule II or schedule III controlled substance and was substantially charged."

The import of appellant's contention, as we grasp it, is that there is a reasonable

doubt as to whether he is a prior offender, as §§ 195.020 and 195.200, RSMo 1978, provide, in appellant's words, "for a range of punishment from six (6) months to twenty (20) years." According to appellant, "Reasonable doubt exists because the sentence and judgment upon which the State relied and presented to the Court does not state whether the conviction was a felony or a misdemeanor."

■ The point affords appellant no grounds for relief. No issue regarding the conviction for possession of a controlled substance was raised in appellant's motion for new trial in CR581–141–FX–1. In *State v. Wiggins*, 360 S.W.2d 716 (Mo. 1962), a prisoner convicted under the Habitual Criminal Act, § 4854, RSMo 1939, filed a motion to vacate his conviction per Rule 27.26, averring that the evidence at his trial was insufficient to support a submission under the Habitual Criminal Act. The trial court denied relief, and the prisoner appealed. The Supreme Court held that Rule 27.26 does not afford a basis for the review of alleged trial errors such as the one complained of by the prisoner. The opinion explained:

"If [the prisoner] desired a review of the sufficiency of the evidence in the respect heretofore noted he should have assigned the alleged insufficiency thereof as a ground in his motion for new trial, and, in the event of an adverse ruling he could have appealed to this court." *Id.* at 718[1, 2].

On the authority of *Wiggins*, we hold that appellant's third point is ineligible for consideration in appeals 14969 and 15000.

■ However, even if the issue were cognizable, it would be unavailing. Appellant recognizes that under §§ 195.020 and 195.200.1, RSMo 1978, unlawful possession of a Schedule II controlled substance carried a range of punishment from six months to twenty years imprisonment. Under §§ 195.240 and 195.270, RSMo 1978, unlawful possession of a Schedule III controlled substance carried a range of punishment of not less than two years nor more than ten years imprisonment in the penitentiary, or confinement in the county jail for a term not more than one year, or a fine of not more than $1,000, or both a fine and confinement. Section 556.016.2, RSMo 1978, which remained unchanged in RSMo 1986, provided:

"A crime is a 'felony' if it is so designated or if persons convicted thereof may be sentenced to ... imprisonment for a term which is in excess of one year."

Judge Anderson was thus correct in finding that a conviction for possession of methylphenidate is a felony, regardless of whether such substance be classified as a Schedule II or Schedule III controlled substance. Consequently, were we to decide appellant's third point on the merits, we would reject it.

Appellant's final point in appeals 14969 and 15000 complains that Judge Anderson erred in affirming the imposition of a $26 "fine for the victims' compensation fund."

We have carefully examined the formal judgment and sentence signed by Judge Anderson and filed November 7, 1986, in CR581–141–FX–1, and espy nothing therein purporting to be a money judgment against appellant in favor of the State for the Crime Victims' Compensation Fund. § 595.045, RSMo 1986. Such a provision did appear in the judgment entered in CR581–141–FX–1 in 1982, but that judgment has been superseded by Judge Anderson's 1986 judgment in said case. Whether appellant is entitled to a refund of such sums, if any, as he paid into the Crime Victims' Compensation Fund pursuant to the 1982 judgment is not before us, and we express no opinion on that subject.

The "Final Findings of Fact, Conclusions of Law and Order," entered October 3, 1986, in case CV184–107–CC–1 is affirmed. The judgment and sentence entered November 7, 1986, in case CR581–141–FX–1 is affirmed.

GREENE, P.J., and HOLSTEIN, J., concur.