STATE OF NEBRASKA, APPELLEE, V.
FARUQ AL-HAFEEZ, ALSO KNOWN AS
RAYMOND L. MOSS, APPELLANT.

305 N.W.2d 379

Filed May 1, 1981. No. 43757.

Faruq Al-Hafeez, pro se.

Paul L. Douglas, Attorney General, and Shanler D. Cronk for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

WHITE, J.

Defendant Moss was convicted in the District Court for Douglas County, Nebraska, in 1970 for the crimes of sodomy, robbery, and the use of a firearm in the commission of a felony. He was sentenced to a term of from 25 to 30 years on the robbery charge, 10 to 15 years on the sodomy charge, and 5 years for use of a firearm in the commission of a felony. This latter sentence is to run consecutively to the other sentences which are to run concurrently with one another. In August 1980 the defendant filed an action in the District Court for Douglas County seeking an order nunc pro tunc to credit the defendant with 88 days of jail time served awaiting trial in the District Court. The District Court denied request for the order nunc pro tunc and the defendant appeals. We affirm.

The defendant makes four assignments of error, but they may be condensed into two: That the District Court erred (1) in finding that it did not have authority to amend the judgment of 1970 nunc pro tunc to give credit for the 88 days previously served, and (2) in failing to find that the crediting of 88 days served prior to trial was required by the equal protection clause of the United States Constitution.

Neb. Rev. Stat. § 83-1,106 (Reissue 1976) provides that the District Court in passing sentence may give credit to the defendant for time served pending trial of the cause. Such was not the case on November 6, 1970, when the defendant was sentenced. Neb. Rev. Stat. § 83-1,106 (Cum. Supp. 1969) then provided: "Credit against the maximum term and any minimum term may be given by the Director of Corrections to an

offender for time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based." The trial judge at the time of sentencing had no power to give credit for time served prior to sentencing. The power to grant credit for time served awaiting trial was vested in the Director of Corrections. The record of the sentencing does not indicate that the trial judge took into account the time spent in jail awaiting trial, nor that he did not. In any event, the trial judge had no such power to give such credit at the time of the sentence and the District Court had no such power at a later time.

The purpose of an order nunc pro tunc is to correct the record so that it will truly reflect action actually taken, but which through inadvertence or mistake has not been truly recorded. *State v. Coffen*, 184 Neb. 254, 166 N.W.2d 593 (1969); *State v. Kortum*, 176 Neb. 108, 125 N.W.2d 196 (1963).

There is no contention or proof that there was any mistake in the sentence that was imposed and not granting credit for time served while awaiting trial, nor was there any power in the trial court to do that which is now requested even if it had been requested or considered by the trial court at the time of sentence. The first assignment of error is without merit.

The second assignment of error will not be considered at this time. While it is true that the defendant is free to raise a constitutional infirmity in the judgment and conviction in proceedings had with respect to his trial and sentencing for the specific crimes, the vehicle chosen is not the proper one to do so. Any constitutional infirmity may be appropriately raised in the provisions of the Nebraska Post Conviction Act. Neb. Rev. Stat. §§ 29-3001 through 29-3004 (Reissue 1979). The limited remedy available in an application for an order nunc pro tunc will not be extended to question the constitutionality of the actions taken or declined to be taken by the trial court, but is limited to

the specific purpose of that proceeding, i.e., to correct the record to accurately reflect what actually happened in the proceedings.

The appeal is without merit and the action of the District Court is therefore affirmed.

AFFIRMED.