STATE OF NEBRASKA, APPELLEE, V. KENNETH J. KEEVER,
APPELLANT.
450 N.W.2d 682

Filed January 26, 1990.    No. 89-329.

Thomas M. Kenney, Douglas County Public Defender, and Timothy P. Burns for appellant.

Robert M. Spire, Attorney General, and LeRoy W. Sievers for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

On April 20, 1988, the defendant, Kenneth J. Keever, was sentenced to a total of 22 to 46 years' imprisonment for kidnapping, first degree assault, two counts of robbery, and two counts of using a knife in the commission of a felony. Upon direct appeal, the judgments were affirmed.

On March 6, 1989, the defendant filed in the district court a "Motion for an Order Nunc Pro Tunc Crediting Time in Custody Prior to Sentencing." The motion alleged that he was arrested on December 22, 1987, and that he had remained in custody for a period of 119 days prior to sentencing. The defendant requested that the district court credit him for 119 days as allowed by Neb. Rev. Stat. § 83-1,106 (Cum. Supp. 1988); otherwise, he would be denied equal protection of the laws under the U.S. Constitution.

The district court found that the defendant's sentences were within the statutory limits, that the sentences were reasonable, and that there was no statutory basis for a reduction in sentence because § 83-1,106 became effective on July 9, 1988, approximately 3 months after the defendant was sentenced. The defendant has appealed and has assigned as error the failure of the district court to grant the relief requested.

In *State v. Al-Hafeez*, 208 Neb. 681, 305 N.W.2d 379 (1981), the defendant sought an order nunc pro tunc to credit the defendant with 88 days of jail time served awaiting trial in the district court. This court held that the purpose of an order nunc pro tunc is to correct the record so that it will truly reflect action actually taken, which through inadvertence or mistake has not been truly recorded. We further held:

> The limited remedy available in an application for an order nunc pro tunc will not be extended to question the constitutionality of the actions taken or declined to be taken by the trial court, but is limited to the specific purpose of that proceeding, i.e., to correct the record to accurately reflect what actually happened in the proceedings.

*Id.* at 683-84, 305 N.W.2d at 380.

There is no evidence that there was any mistake in recording the sentences imposed in this case. On the contrary, at the time of sentencing, the trial judge stated on the record that he had "given due . . . consideration to the time already served, and decline[d] to give any credit for time served."

Even if considered as a request for relief pursuant to the Nebraska Postconviction Act, Neb. Rev. Stat. §§ 29-3001 et seq. (Reissue 1989), the defendant's contentions are without merit. The act applies only where the prisoner has sustained such a denial or infringement of constitutional rights that the judgment is void or voidable. *State v. Von Dorn, ante* p. 93, 449 N.W.2d 530 (1989); *State v. Ferrell,* 230 Neb. 958, 434 N.W.2d 331 (1989). Furthermore, a motion for postconviction relief cannot be used as a substitute for an appeal or to receive a further review of issues already resolved. *Id.*

The trial court properly determined that the defendant had no statutory right to a reduction in sentence, since § 83-1,106

(Cum. Supp. 1988) was not in effect at the time the defendant was sentenced and does not apply retrospectively. See *State v. Von Dorn, supra*. We also held in *Von Dorn*, as against an equal protection challenge, that the granting of presentence jail time credit is within the trial court's discretion except where the statutory maximums are exceeded. The district court did not exceed the statutory maximums in sentencing the defendant, and the defendant did not raise the issue of the excessiveness of his sentence in his direct appeals to this court. The defendant's motion did not state a proper basis for nunc pro tunc or postconviction relief, and his assignment of error is without merit.

The judgment of the district court is affirmed.

AFFIRMED.