STATE OF NEBRASKA, APPELLEE, V. SCOTT FRIZZELL, APPELLANT.
497 N.W.2d 391

Filed March 26, 1993.   No. S-91-043.

Jerry J. Fogarty, Deputy Hall County Public Defender, for appellant.

Don Stenberg, Attorney General, and J. Kirk Brown for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, FAHRNBRUCH, and LANPHIER, JJ.

FAHRNBRUCH, J.

Scott Frizzell appeals an order of the district court for Hall County denying his motion for jail time credit. We affirm the district court's ruling.

On August 18, 1986, Frizzell pled guilty to second degree murder and second degree arson. At the time, the penalty for second degree murder was not less than 10 years nor more than life imprisonment. Neb. Rev. Stat. §§ 28-304 (Reissue 1989) and 28-105 (Reissue 1985). The penalty for second degree arson was not less than 1 nor more than 20 years of imprisonment, up to a $25,000 fine, or both. § 28-105 and Neb. Rev. Stat. § 28-503 (Reissue 1989).

On September 22, 1986, Frizzell was sentenced to 25 years of imprisonment on the murder charge and to not less than 6 nor more than 20 years of imprisonment on the arson charge, the sentences to be served concurrently. The court granted credit for jail time served between Frizzell's guilty plea and his sentencing, a total of 34 days.

On September 11, 1989, Frizzell filed a motion for an order nunc pro tunc, asking the court to credit him with 260 days of jail time served between the time of his arrest and his guilty plea. The court denied his motion on October 30.

Frizzell filed a petition for jail time credit on June 22, 1990, in which he requested that the district court grant 260 days of jail time credit and 84 days of good time served while he was in custody at the Hall County Detention Center. The court denied the motion, finding that (1) Frizzell's previous motion for an order nunc pro tunc for jail time credit had been overruled by the court and that (2) Frizzell's petition was a motion for postconviction relief in which he had failed to prove facts sufficient to show that he was entitled to postconviction relief.

In this court, Frizzell has assigned as error the denial of his motion for jail time credit and for good time credit. At oral argument before this court, Frizzell withdrew the issue of good

time credit.

Claiming a denial of equal protection under the U.S. Constitution, the prisoner in *State v. Keever*, 234 Neb. 289, 450 N.W.2d 682 (1990), filed in the district court a "Motion for an Order Nunc Pro Tunc Crediting Time in Custody Prior to Sentencing." The prisoner appealed the denial of his motion to this court. In affirming the decision of the district court, this court stated that

> the Nebraska Postconviction Act, Neb. Rev. Stat. § 29-3001 et seq. (Reissue 1989) . . . applies only where the prisoner has sustained such a denial or infringement of constitutional rights that the judgment is void or voidable. . . . Furthermore, a motion for postconviction relief cannot be used as a substitute for an appeal or to receive a further review of issues already resolved.

(Citations omitted.) 234 Neb. at 290, 450 N.W.2d at 684.

Even if Frizzell's motion is not treated as a motion for postconviction relief, his argument is without merit. At the time of Frizzell's sentencing, Neb. Rev. Stat. § 83-1,106(1) (Reissue 1987) provided that

> [c]redit against the maximum term and any minimum term *may be given* to an offender for time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. This shall specifically include, but shall not be limited to, time spent in custody prior to trial, during trial, pending sentence, pending the resolution of an appeal, and prior to delivery of the offender to the custody of the Department of Correctional Services.

(Emphasis supplied.) The above-emphasized language has since been changed from "may be given" to "shall be given." See § 83-1,106(1) (Cum. Supp. 1992). This change to mandatory language in the statute took place after Frizzell was sentenced and does not apply retrospectively. See, *State v. Keever, supra*; *State v. Von Dorn*, 234 Neb. 93, 449 N.W.2d 530 (1989).

Even considering all of the jail time Frizzell served, the sentences imposed upon him were within the statutory maximums. The trial judge explicitly considered Frizzell's jail

time and granted him 34 days of credit.

The district court did not err in refusing Frizzell's motion for jail time credit.

AFFIRMED.