_____

No. 95-2734
_____

Scott Frizzell,                        *
                                       *
                Appellant,             *
                                       * Appeal from the United States
        v.                             * District Court for the
                                       * District of Nebraska
Frank X. Hopkins,                      *
                                       *
                Appellee.              *

_____

                    Submitted:  December 14, 1995

                      Filed:  July 3, 1996
_____

Before McMILLIAN and BEAM, Circuit Judges, and PERRY,[*] District
        Judge.
_____

McMILLIAN, Circuit Judge.


        Scott Frizzell appeals from a final order entered in the District
Court[1] for the District of Nebraska denying his petition for writ
of habeas corpus.  Frizzell v. Hopkins, No. 4:CV93-3331 (D. Neb.
June 16, 1995).  The district court found that procedural default
barred habeas review of Frizzell's claim that he had been denied
jail time credit on the basis of indigence in violation of the
equal protection clause.  For reversal Frizzell argues the

_____

        *The Honorable Catherine D. Perry, United States
        District Judge for the Eastern District of
        Missouri, sitting by designation.

        [1]The Honorable Richard G. Kopf, United States District Judge
for the District of Nebraska, adopting the report and
recommendation of the Honorable David L. Piester, United States
Magistrate Judge for the District of Nebraska.

district court erred in finding that (1) the claim was not so novel that it constituted cause to excuse procedural default and (2) a fundamental miscarriage of justice would not result if his claim were not considered. On the merits Frizzell argues he is entitled to jail time credit. For the reasons discussed below, we affirm the order of the district court.

In August 1986 Frizzell pleaded guilty to one count of second degree murder and one count of second degree arson in Nebraska state court. The state trial court sentenced Frizzell to concurrent terms of 25 years on the murder count and not less than 6 years nor more than 20 years on the arson count and granted him credit for jail time served between his guilty plea and sentencing, a total of 34 days. Frizzell did not file a direct appeal. In September 1989 Frizzell filed a motion for an order nunc pro tunc seeking credit for the 260 days of jail time served between the time of his arrest and his guilty plea. The state trial court denied the motion. In June 1990 Frizzell filed a "petition for jail time credit" for the 260 days and for 84 days of good time credit. The state trial court treated the petition as a motion for post-conviction relief and denied the motion. Frizzell appealed to the state supreme court, which affirmed the denial on the grounds that the issue of jail time credit should have been raised on direct appeal and thus was not a proper claim for post-conviction relief. State v. Frizzell, 243 Neb. 103, 105, 497 N.W.2d 391, 392 (1993). The state supreme court also noted that even if the motion was not treated as a motion for post-conviction relief, his argument was without merit in light of the state statute in force at the time the state trial court denied him jail time credit. Id. (noting change from discretionary to mandatory language took place after Frizzell was sentenced and does not apply retrospectively).

Frizzell then filed the present petition for habeas relief. The magistrate judge initially recommended dismissal. Frizzell objected and expressly referred to his argument that he had been

unable to post bond because of indigence. The district court recommitted the matter to the magistrate judge for clarification in light of Frizzell's now-express claim that the state's failure to grant him jail time credit penalized him on the basis of indigence in violation of the equal protection clause because wealthier suspects would have been able to post bail and avoid pre-trial detention. The magistrate judge concluded that although all available state remedies had been exhausted, the claim was subject to procedural default because it had not been properly presented in the state courts. Slip op. at 3-7 (Oct. 17, 1994). However, the magistrate judge decided that habeas review was not barred because the state supreme court had considered the claim on the merits. Id. at 7-9. The magistrate judge decided that Frizzell had a valid equal protection claim and recommended granting habeas relief. Id. at 9-11. The state objected, and, upon de novo review, the district court adopted in part and rejected in part the magistrate judge's recommendation. The district court concluded that habeas review of the equal protection claim was barred because the state supreme court had addressed the merits of the equal protection claim in an alternative holding. Slip op. at 6-10 (Jan. 25, 1995). The district court recommitted the matter to the magistrate judge for supplemental findings on whether cause and prejudice excused the procedural default or whether failure to consider the claim would result in a fundamental miscarriage of justice. Id. at 10-11.

The magistrate judge concluded that Frizzell had failed to show cause because his equal protection claim was not so novel that its legal basis was not reasonably available to counsel at the time for filing his direct appeal. Slip op. at 3-5 (May 17, 1995). The magistrate judge also concluded that Frizzell had failed to show that failure to consider the claim would result in a fundamental miscarriage of justice because he had made no claim of factual

-4-

innocence.  <u>Id.</u> at 8-9.  The magistrate judge recommended that the habeas petition be denied.  The district court adopted the

magistrate judge's recommendation and denied habeas relief.  This appeal followed.

For reversal, Frizzell argues the district court erred in finding that his equal protection claim was not novel within the meaning of Reed v. Ross, 468 U.S. 1, 14 (1984), which held that cause may exist when the claim raised is so novel that there was no reasonable basis to have asserted it at the time of the procedural default.  Frizzell argues that at the time for filing his direct appeal, in November 1986, the legal basis for his federal constitutional claim was not reasonably available to counsel because it was supported only indirectly by a handful of reported cases in this circuit and none in Nebraska.  We disagree.

"If the 'tools were available' for a petitioner to construct the legal argument at the time of the state appeals process, then the claim cannot be said to be so novel as to constitute cause for failing to raise it earlier."  McKinnon v. Lockhart, 921 F.2d 830, 833 (8th Cir. 1990) (per curiam) (citing Leggins v. Lockhart, 822 F.2d 764, 766 (8th Cir. 1987), cert. denied, 485 U.S. 907 (1988)), cert. denied, 501 U.S. 1208 (1991).  "The standard for determining novelty is not whether subsequent legal decisions make recognizing the issue easier, but whether at the time of the procedural default the claim was available at all."  Leggins v. Lockhart, 822 F.2d at 767.  Here, the legal tools needed to construct Frizzell's equal protection claim to jail time credit were "reasonably available" at the time for filing his direct appeal in 1986.  As noted by the magistrate judge, this court recognized the legal basis for his equal protection claim to jail time credit in King v. Wyrick, 516 F.2d 321 (8th Cir. 1975), more than 10 years before the procedural default occurred in the present case.  In that case the petitioner had been unable to post bail due to indigence and had spent 403 days in jail between his arrest and sentencing.  The state courts

and the federal district court denied the petitioner's claim for jail time credit.  This court reversed, holding that it is a denial

of equal protection not to grant an indigent prisoner credit for jail time served after he or she is unable to meet bail due to indigence, even on a prison term less than the allowable maximum prescribed by statute, because the prisoner "still must serve a longer term in connection with the offense than would a wealthier prisoner who is sentenced to the same term but who is able to meet bail to avoid incarceration before trial and sentencing." Id. at 323-24.

Frizzell also argues that the district court erred in finding that failure to consider his equal protection claim to jail time credit would not result in a fundamental miscarriage of justice. We disagree. Assuming for purposes of analysis that the fundamental miscarriage of justice exception applies to non-capital sentences, Frizzell made no claim of factual innocence. See, e.g., Schlup v. Delo, 115 S. Ct. 851, 864 (1995) (holding factual innocence is "gateway" to consideration of independent constitutional violation otherwise barred by procedural default).

Accordingly, we affirm the order of the district court.

A true copy.

    Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-8-