

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-19-00394-CR

———————————————

ROHN M. WEATHERLY, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 371st District Court
Tarrant County, Texas
Trial Court No. 1380491D

---

Before Sudderth, C.J.; Womack and Wallach, JJ.
Memorandum Opinion by Justice Womack
Concurring Memorandum Opinion by Chief Justice Sudderth
Dissenting Memorandum Opinion by Justice Wallach

## MEMORANDUM OPINION

## I. INTRODUCTION

Appellant Rohn M. Weatherly appeals the trial court's "Nunc Pro Tunc Order Correcting Minutes of the Court" in which the trial court amended its January 15, 2016 judgment of conviction to contain sex-offender-registration requirements and the age of Weatherly's victim at the time the offense occurred. We affirm.

## II. BACKGROUND

In October 2015, Weatherly pleaded guilty to the unlawful restraint of a child under the age of seventeen without a sentencing recommendation by the State. *See Weatherly v. State*, Nos. 02-16-00026-CR, 02-16-00027-CR, 2016 WL 7157300, at *1 (Tex. App.—Fort Worth Dec. 8, 2016, no pet.) (mem. op., not designated for publication). After the preparation of a pre-sentencing report and the holding of a punishment hearing, the trial court sentenced Weatherly to fifteen years' confinement. The trial court's January 15, 2016 judgment reflected that sex-offender-registration requirements did not apply to Weatherly and that the age of the victim at the time of the offense was "N/A." On direct appeal, this court affirmed the trial court's judgment. *Id.*

On October 18, 2019, the trial court rendered a nunc pro tunc order[1] amending the January 15, 2016 judgment to reflect that sex-offender-registration requirements

_____

[1]There are four nunc pro tunc orders that were entered in this case after judgment. The first order amended the judgment's "Judge Presiding" field, adding

did apply to Weatherly and that the age of the victim at the time of the offense "was younger than 17 years of age." This appeal followed.

## III. DISCUSSION

In his sole issue, Weatherly argues that the trial court erred by entering the nunc pro tunc order modifying the January 15, 2016 judgment and that Chapter 62 of the Texas Code of Criminal Procedure—the statute which mandates that individuals convicted of the unlawful restraint of a child be required to adhere to sex-offender-registration requirements—is unconstitutional as applied to him. We conclude that the trial court properly entered its nunc pro tunc order and that Weatherly cannot attack the constitutionality of Chapter 62 in this appeal.

### A. The Trial Court's Nunc Pro Tunc Order

Weatherly first argues that the trial court erred by entering the nunc pro tunc order. We disagree.

A judgment nunc pro tunc is the appropriate avenue to make a correction when the court's records do not mirror the judgment that was actually rendered.

---

the magistrate's name. The second order corrected the "Time Credited" field. The third order amended the judgment to reflect sex-offender-registration requirements and the age of Weatherly's victim at the time of the commission of the offense. This third order, however, was overturned by the Texas Court of Criminal Appeals because Weatherly was not provided notice or an opportunity to be heard. *Ex parte Weatherly*, No. WR-61,215-07, 2019 WL 4318459, at *1 (Tex. Crim. App. Sept. 11, 2019) (not designated for publication). It is the fourth nunc pro tunc order that Weatherly now appeals, and the record reflects that Weatherly was given proper notice and that the trial court held a hearing with the State and Weatherly present before entering the order.

*Collins v. State*, 240 S.W.3d 925, 928 (Tex. Crim. App. 2007); *Alvarez v. State*, 605 S.W.2d 615, 617 (Tex. Crim. App. 1980). This means that a trial court can fix a clerical error in the record, but only errors that were not the result of judicial reasoning are considered clerical errors that can be fixed by a nunc pro tunc order. *Ex parte Poe*, 751 S.W.2d 873, 876 (Tex. Crim. App. 1988). However, the trial court cannot, through a nunc pro tunc order, change a court's records to reflect what it believes should have been done. *Collins*, 240 S.W.3d at 928. And when the law requires the trial court to enter a particular finding in the written judgment of conviction, the trial court "retain[s] no discretion to do otherwise," and "the failure of the trial judge to do so [is] not an error of judicial reasoning but rather an error of a clerical nature." *Poe*, 751 S.W.2d at 876.

Even though the unlawful restraint of a child is not considered a "sex offense," it is nonetheless a "[r]eportable conviction" that triggers Chapter 62's registration obligations. *See* Tex. Code Crim. Proc. Ann. art. 62.001(5)(E); *Dewalt v. State*, 417 S.W.3d 678, 681–90 (Tex. App.—Austin 2013, pet. ref'd). Citing *Dewalt*, this court has held that the sex-offender-registration requirements and a child victim's age are statutorily mandated to be included in a trial court's judgment when a person has been convicted of a crime listed in Chapter 62. *Williams v. State*, No. 02-17-00001-CR, 2018 WL 3468458, at *4 (Tex. App.—Fort Worth July 19, 2018) (mem. op., not designated for publication), *aff'd*, 603 S.W.3d 439 (Tex. Crim. App. 2020). This court further held in *Williams* that the addition of the registration requirement and the

4

victim's age to a judgment is a "clerical act, not a judicial one, appropriate . . . for a nunc pro tunc order." *Id.* Not only are these additions a clerical act, but the trial court has no discretion but to include them in a judgment because the Texas Code of Criminal Procedure requires the trial court to enter these specific statements. Tex. Code Crim. Proc. art. 42.01, § 1(27) ("The judgment shall reflect: . . . In the event of conviction of an offense for which registration as a sex offender is required under Chapter 62, a statement that the registration requirement of that chapter applies to the defendant and a statement of the age of the victim of the offense."); *Poe*, 751 S.W.2d at 876.

In this case, Weatherly pleaded guilty to the unlawful restraint of a child, and the victim's age at the time of the offense was four years old. *Weatherly*, 2016 WL 7157300, at *1. As such, the requirements of Chapter 62 are met, and the trial court was required to include sex-offender-registration requirements and the age of Weatherly's victim in the judgment. Tex. Code Crim. Proc. arts. 42.01, § 1(27), 62.001(5)(E); *see* Tex. Penal Code Ann. § 20.02. Thus, the trial court did not err by rendering its nunc pro tunc order. We overrule this portion of Weatherly's sole issue.

## B. Weatherly's Constitutional Argument

In the remainder of his sole issue, Weatherly complains that Chapter 62 is unconstitutional as applied to him because he did not commit a sex offense. The State argues that this court does not have jurisdiction to hear this complaint. We agree with the State.

5

Just as a trial court may not correct errors that are the result of judicial reasoning via nunc pro tunc, a reviewing court has limited jurisdiction to consider the propriety of a trial court's nunc pro tunc order—we do *not* have authority to review the underlying conviction or other ancillary matters related to the conviction. *See Blanton v. State*, 369 S.W.3d 894, 900, 904 (Tex. Crim. App. 2012). "The right of appeal before this Court is limited to the validity of the nunc pro tunc entry." *Moore v. State*, 446 S.W.2d 878, 879 (Tex. Crim. App. 1969); *see also Cunningham v. State*, 322 S.W.2d 538, 540 (Tex. Crim. App. 1959) ("In cases such as this the right of appeal, if any, is limited to the validity of the nunc pro tunc entry. Appellant is not entitled to appeal from the conviction itself . . . ."); *Collins*, 240 S.W.3d at 929 (explaining that an appeal from a nunc pro tunc order is not the correct procedure for deciding an issue related to the defendant's conviction).

This court and numerous other Texas courts of appeals have consistently applied this jurisdictional principle regarding the limited review in an appeal of a nunc pro tunc order. *Loftin v. State*, No. 02-11-00366-CR, 2012 WL 5512391, at *3 (Tex. App.—Fort Worth Nov. 15, 2012, no pet.) (per curiam) (mem. op., not designated for publication) (holding that as an appellate court reviewing the direct appeal of a nunc pro tunc order, court was precluded from considering complaint regarding underlying conviction); *Allen v. State*, Nos. 01-16-00707-CR, 01-16-00708-CR, 2016 WL 7473940, at *1 (Tex. App.—Houston [1st Dist.] Dec. 29, 2016, no pet.) (per curiam) (mem. op., not designated for publication) ("However, an appeal of a judgment nunc pro tunc is

6

limited to issues related to the clerical errors addressed in that judgment and does not provide an opportunity to raise issues relating to the original conviction and sentence."); *Hill v. State*, No. 05-14-01067-CR, 2015 WL 2394099, at *2 (Tex. App.—Dallas May 18, 2015, pet. ref'd) (mem. op., not designated for publication) ("Appellant seeks to use the July 22, 2014 nunc pro tunc order to change, on appeal, the judicial determination of his underlying conviction, which is not a permissible purpose of the nunc pro tunc order."); *Barnett v. State*, No. 06-14-00149-CR, 2015 WL 5999663, at *2 (Tex. App.—Texarkana July 24, 2015, pet. ref'd) (mem. op., not designated for publication) ("Consequently, the appeal of a judgment nunc pro tunc is limited to issues related to the clerical errors addressed therein; it does not provide the appellant an opportunity to raise issues relating to the original conviction and sentence."). Thus, this court does not have the authority to address Weatherly's attack on the constitutionality of Chapter 62 in this appeal. *Loftin*, 2012 WL 5512391, at *3; *see also State v. Rowe*, 285 S.W.3d 614, 619 (Ark. 2008) (holding that a trial court cannot rule a statute unconstitutional post-conviction via nunc pro tunc because it is "an attempt to have the record reflect what should have happened and not what happened but was not recorded"); *State v. Al-Hafeez*, 305 N.W.2d 379, 380 (1981) ("The limited remedy available in an application for an order nunc pro tunc will not be extended to question the constitutionality of the actions taken or declined to be taken by the trial court, but is limited to the specific purpose of that proceeding, i.e.,

7

to correct the record to accurately reflect what actually happened in the proceedings."). We overrule the remaining portion of Weatherly's sole issue.[2]

## C. The Dissent

The dissent presents a number of issues that it has with the majority opinion and our position that we should not address Weatherly's constitutional claim in this appeal. We will address these issues in turn.

### 1. Jurisdiction over Weatherly's Appeal

According to the dissent, "The majority holds that this court does not have 'jurisdiction' over Weatherly's appeal from the fourth nunc pro tunc order." This is incorrect. Indeed, we have addressed the portion of Weatherly's complaint on appeal

---

[2]Even though we conclude that we do not have jurisdiction to address Weatherly's constitutional claim, it is worthy of note that, as the dissent points out, there is a split of authority across the country on the constitutionality of statutes requiring sex offender registration for persons convicted of a crime involving no sexual component like kidnapping and unlawful restraint of a child. In addition to the dissent's recognition that the Wisconsin Supreme Court and an Illinois appellate court have found the statutes requiring the sex offender registration of nonsexual offenders constitutional, eight other states have also held that such statutes are constitutional. *See Collins v. Thomas*, No. 212-cv-950-WHA, 2015 WL 5125750, at *7 (M.D. Ala. Aug. 31, 2015) (Alabama); *State v. Coleman*, 385 P.3d 420, 426 (Ct. App. 2016) (Arizona); *Rainer v. State*, 690 S.E.2d 827, 829 (2010) (Georgia); *Moffitt v. Commonwealth*, 360 S.W.3d 247, 255–57 (Ky. Ct. App. 2012) (Kentucky); *People v. Bosca*, 871 N.W.2d 307, 355–56 (2015) (Michigan); *Thomas v. Miss. Dep't of Corr.*, 248 So. 3d 786, 790–91 (Miss. 2018) (Mississippi); *People v. Cintron*, 827 N.Y.S.2d 445, 460 (N.Y. Sup. Ct. 2006), *aff'd sub nom.*, *People v. Knox*, 12 N.Y.3d 60, 65 (2009) (New York); *State v. Sakobie*, 598 S.E.2d 615, 619 (2004) (North Carolina). As far as states that have found such statutes unconstitutional, in addition to Florida and Ohio that the dissent points out, only New Mexico joins the minority of state courts to have found this type of statute unconstitutional. *See ACLU of N.M. v. City of Albuquerque*, 137 P.3d 1215, 1226 (N.M. Ct. App. 2006).

about whether the trial court erred by entering the nunc pro tunc judgment. Our decision to overrule this portion of Weatherly's issue is founded on well-established law—namely, a statute which mandates that the judgment must include sex-offender-registration requirements and a child victim's age when a person has been convicted of a crime listed in Chapter 62, including some crimes that involve no sexual component. *Dewalt*, 417 S.W.3d at 681–90; *Williams*, 2018 WL 3468458, at *4.

What we have held in this case is that this court has limited jurisdiction in the appeal of a judgment nunc pro tunc. *Blanton*, 369 S.W.3d at 900, 904. In support of its argument that Weatherly has the right to appeal the fourth nunc pro tunc judgment, the dissent cites to general cases about timely perfecting an appeal from a judgment nunc pro tunc. *See Williams v. State*, 603 S.W.3d 439, 446–47 (Tex. Crim. App. 2020).[3] We have not suggested that Weatherly failed to timely perfect his appeal, but rather we have relied upon the well-established rule that our review in an appeal from a nunc pro tunc judgment "is limited to the validity of the nunc pro tunc entry." *Moore*, 446 S.W.2d at 879.

---

[3]We agree with the dissent that *Williams* stands for the proposition that our jurisdiction is invoked by Weatherly's timely notice of appeal from the trial court's nunc pro tunc judgment. But a timely notice of appeal does not change the nature or scope of our review.

9

## 2. "Authority" to Address Weatherly's Claim

According to the dissent, we have "also cast[] doubt on this court's 'authority' to address the merits of Weatherly's claim" and we have "narrow[ed] the scope of this court's review." However, the dissent acknowledges that in "an appeal from a nunc pro tunc order, a defendant cannot challenge his or her underlying conviction and sentence." *Cunningham*, 322 S.W.2d at 540. That is not the only limitation on our reviewing jurisdiction. As mentioned above, our review of a judgment nunc pro tunc is limited to the validity of the entry. *Moore*, 446 S.W.2d at 879. This limited review is further restricted, as the dissent notes, to issues related to clerical errors only. *Id.* The correction of clerical errors by nature cannot involve judicial reasoning. *Poe*, 751 S.W.2d at 876. Analyzing the constitutionality of a statute is the epitome of a judicially-reasoned endeavor. *Ex parte Madding*, 70 S.W.3d 131, 135 n.8 (Tex. Crim. App. 2002) (recognizing that analyzing a due process claim is not the correction of a "mere clerical error in the judgment").

Despite writing several pages of a judicially-reasoned analysis regarding the constitutionality of Chapter 62 as applied to Weatherly, the dissent continues to assert that such a task is merely the correcting of a clerical error. However, such a judicially-reasoned endeavor far exceeds the scope of a nunc pro tunc review.

The trial court in this instance appropriately entered the findings because the law makes clear it had no choice to do otherwise. *Dewalt*, 417 S.W.3d at 681–90; *Williams*, 2018 WL 3468458, at *4. Entering the findings involved no judicial

10

reasoning at all. If the trial court in this case had addressed Weatherly's argument that Chapter 62 is unconstitutional as applied to him, it would have then been attempting to correct a "judicial" error, and the trial court would have engaged in "judicial reasoning" regarding its nunc pro tunc entry. *See Madding*, 70 S.W.3d at 135 n.8 ("This case involves due process, not the issue of a mere clerical error in the judgment."). This a trial court cannot do. *See Fanniel v. State*, 73 S.W.3d 557, 560 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (reasoning that a "*nunc pro tunc* judgment made to correct a judicial error is void"). And because the scope of our jurisdiction is limited to the propriety of the trial court's nunc pro tunc entry, this court would be improperly stepping outside its own jurisdiction by engaging in the same judicial reasoning. *See Barton v. Gillespie*, 178 S.W.3d 121, 126 (Tex. App.—Houston [1st Dist.] 2005, no pet.) ("A clerical error does not result from judicial reasoning, evidence or determination. Conversely, a judicial error arises from a mistake of law or fact that requires judicial reasoning to correct. A judicial error occurs in the rendering, rather than the entering of the judgment.") (internal citations omitted). Thus, we cannot agree with the dissent's choice to engage in the judicially-reasoned endeavor of analyzing whether Chapter 62's requirements are unconstitutional as applied to Weatherly.

To support its position that analyzing the constitutionality of Chapter 62 as applied to Weatherly is merely the correction of a clerical error, the dissent relies on the Texas Court of Criminal Appeals' order dismissing Weatherly's habeas corpus

11

application without prejudice pending the outcome of this very appeal. *Ex parte Weatherly*, No. WR-61,215-09, 2020 WL 913277, at *1 (Tex. Crim. App. Feb. 26, 2020) (per curiam). Specifically, the dissent states that the Court of Criminal Appeals noted in its order that the appeal before this court involves "appellate remedies with regard to the judgment *nunc pro tunc*," and that some of Weatherly's habeas claims involve "the validity of the judgment *nunc pro tunc*." *Id.* These are correct statements, and we have addressed in the majority opinion the validity of the fourth nunc pro tunc judgment. Nowhere in the Court of Criminal Appeals' order dismissing Weatherly's habeas corpus application, however, does the Court of Criminal Appeals suggest that this court should analyze the constitutionality of a statute that required the trial court to make specific findings in its judgment.

The dissent also relies on an unpublished case from our sister court of appeals in Amarillo for the proposition that attacking the constitutionality of a statute that requires mandatory findings to be included in the judgment can be reviewed in an appeal of a nunc pro tunc judgment. *Evans v. State*, Nos. 07-17-00249-CR, 07-17-00250-CR, 07-17-00251-CR, 2018 WL 5305500, at *1–3 (Tex. App.—Amarillo Oct. 25, 2018, pet. ref'd) (mem. op., not designated for publication). According to the dissent, the *Evans* court analyzed the constitutionality of the statute requiring the inclusion of deadly-weapon findings that were first entered in a set of judgments that

the trial court called "nunc pro tunc."[4]   While we agree that the procedural posture laid out in *Evans* is amenable to differing views, we conclude that the dissent's reliance on *Evans* is misplaced because the judgments were not in fact nunc pro tunc.[5]   *Id.*

Evans in actuality was an appeal from a judgment modified during the trial court's plenary power.   A review of the Amarillo court of appeals' website[6] and the "Case Events" log regarding Evans's appeals demonstrates that the trial court imposed sentence on June 28, 2017.   Evans filed both his notice of appeal and his motion for new trial on July 10, 2017.   The "nunc pro tunc judgments" were entered on September 5, 2017.   Nowhere else in the Amarillo court's "Case Events" log does

---

[4]There were three judgments in *Evans*.   2018 WL 5305500, at *1.

[5]We do note that the *Evans* court specifically stated that Evans was appealing "his convictions for aggravated assault with a deadly weapon."   *Id.*

[6]While the dissent asserts that "the majority's discussion of these outside-of the-opinion facts is improper and not relevant," this court recently did just that in another case, wherein we reviewed the "briefing of the parties contained in the original record in the supreme court to guide us as to the basis of its reasoning" because the opinion being analyzed was "textually silent as to supportive interpretive authority."   *In re State Farm Mutual Auto. Ins.*, No. 02-20-00144-CV, 2020 WL 6788961, at *13 (Tex. App.—Fort Worth Nov. 19, 2020, orig. proceeding).   We also noted in that opinion that "[a] court of appeals may similarly examine and take judicial notice of the original record in proceedings before the supreme court and the court of criminal appeals through a search of their respective websites."   *Id.* at n.9; *see also Goodman v. State*, No. 07-07-0502-CR, 2008 WL 315710, at *1 (Tex. App.—Amarillo Feb. 5, 2008, no pet.) (mem. op., not designated for publication) (taking judicial notice of a different court of appeals' website to determine whether an appeal of a trial court cause number referenced in appellant's petition was currently pending before that court); *Brooks v. State*, No. 07-07-0505-CR, 2008 WL 248991, at *1 (Tex. App.— Amarillo Jan. 30, 2008, no pet.) (mem. op., not designated for publication) (same).

13

it show that Evans attempted to directly appeal the trial court's September 5, 2017 entries. Evans's motion for new trial extended the trial court's plenary power, and thus even though the trial court titled the judgments "nunc pro tunc," what actually occurred in *Evans* was that the trial court modified its judgments within its plenary power; the use of the term "nunc pro tunc" in the judgments was simply a misnomer. *See Williams*, 603 S.W.3d at 443 ("[B]ecause the trial court's two post-October 6 orders were not nunc pro tunc orders (despite being labeled as such) but were appropriate exercises of its plenary power over its judgment, the cases relied on by the State . . . are inapposite to the case at hand.").[7] Because *Evans* is an appeal made during the trial court's plenary power, it does not support the dissent's position.

### 3. Habeas Corpus as an Avenue of Addressing Weatherly's Complaint

The dissent argues that there is a "logistical" problem with our review being limited in such a way that we cannot address Weatherly's constitutional claim. To that, the dissent asks the question, "When was Weatherly supposed to challenge the trial court's denial of his motion to declare the SORP[8] facially unconstitutional or to attack the addition of the SORP findings?" Our response is that Weatherly's avenue

[7]Ironically, the judgments in *Evans* still contain clerical errors by stating that the date of the written judgments were entered on June 1, 2017, which is impossible given that sentencing was imposed on June 28, 2017. The correction of the date of judgments entered would be corrections to clerical errors and would be a proper entry for a nunc pro tunc order.

[8]The dissent uses the term SORP to stand for sex-offender registration program.

14

for redress concerning his constitutional complaint is by way of a postconviction writ of habeas corpus. *See* Tex. Code Crim. Proc. Ann. art. 11.07.

Numerous cases have allowed defendants to address complaints regarding their guilty pleas through postconviction writs of habeas corpus. *See Ex parte Aguilar*, 537 S.W.3d 122, 124 (Tex. Crim. App. 2017); *Ex Parte Moussazadeh*, 361 S.W.3d 684, 686 (Tex. Crim. App. 2012); *Ex parte Harrington*, 310 S.W.3d 452, 455 (Tex. Crim. App. 2010). While we do not decide here whether Weatherly's complaint has merit, we merely note that there are other possible avenues to attack his plea aside from expanding our review of nunc pro tunc judgments.

In *Moussazadeh*, after the applicant pleaded guilty to murder, and after his murder conviction was affirmed on direct appeal, the applicant sought a postconviction writ of habeas corpus contending that his mistaken understanding of parole eligibility based on misinformation from his trial counsel rendered his guilty plea involuntary. 361 S.W.3d at 686. The *Moussazadeh* court reasoned that because the "terms of the relevant parole-eligibility statute are succinct and clear with respect to the consequences of a guilty plea" then "[t]he performance of applicant's counsel was deficient" for not properly informing Moussazadeh. *Id.* at 691. The *Moussazadeh* court held that the applicant "sufficiently proved that his counsel was constitutionally deficient" and vacated Moussazadeh's plea. *Id.* at 692.

Similarly, in *Harrington*, the applicant sought postconviction habeas relief contending that his guilty plea was involuntary because of his trial counsel's failure to

15

investigate a prior DWI conviction used by the State to enhance applicant's misdemeanor DWI charge to a felony. 310 S.W.3d at 454. Based on his trial counsel's erroneous advice, applicant pleaded guilty to felony DWI. *Id.* Because the applicant had been wrongly convicted of a felony conviction, and even though he had already been discharged from incarceration, he lost his job with the Texas Workforce Commission. *Id.* at 459. The *Harrington* court reasoned that applicant's loss of his job was a collateral consequence to his plea and that habeas corpus was therefore the proper vehicle to bring his complaint. *Id.* The court held that applicant had met his burden of showing a reasonable probability that, but for counsel's erroneous advice, he would not have entered a guilty plea. *Id.* at 459–60.

And strikingly similar to Weatherly's situation, in *Aguilar*, a Honduran national with temporary protected status pleaded guilty to the state-jail felony of attempting to evade arrest in a motor vehicle. 537 S.W.3d at 124. Prior to his plea, Aguilar's plea counsel was advised by an immigration attorney that a felony conviction that carried with it a six-month jail sentence would render Aguilar removable from the country. *Id.* at 128. After plea counsel acknowledged to both Aguilar and the immigration attorney that he understood the law and could negotiate a plea that allowed Aguilar to retain his temporary protected status and remain eligible for legal residence, plea counsel negotiated an agreement whereby Aguilar pleaded guilty and received a six-month jail sentence. As a result, Aguilar lost his legal nonimmigrant status and was ineligible to reapply for protected status. *Id.* at 126. The Texas Court of Criminal

16

Appeals reasoned that plea counsel had negotiated a plea he believed conformed with the immigration attorney's advice, but it did not. *Id.* The court held that counsel's "[d]eficiency is easy to find in this case" and that Aguilar had shown that he would not have pleaded guilty if he had been correctly advised of the relevant immigration consequences. *Id.* at 128. The court vacated Aguilar's plea. *Id.* at 129; *see also Ex parte Trejo*, 602 S.W.3d 918, 918–19 (Tex. Crim. App. 2020) (granting application for postconviction writ of habeas corpus on the ground that his counsel did not properly inform him of the immigration consequences of his guilty plea).

Like the applicants in *Moussazadeh*, *Harrington*, *Aguilar*, and other cases[9] who all entered guilty pleas based on misinformation or the failure to be properly admonished from their trial attorneys about the consequences of their pleas, there are other avenues of relief for applicants dissatisfied with their pleas. If an applicant prevails, pleas can be vacated. If an applicant then faces the same charges and the same

---

[9]In an unpublished opinion, the Texas Court of Criminal Appeals granted habeas relief and vacated a defendant's judgment predicated on his plea of nolo contendere where trial counsel affirmatively misadvised the defendant about the sex-offender-registration consequences of pleading to attempted sexual assault. *Ex parte Covey*, No. PD-0145-09, 2010 WL 1253224, at *8 (Tex. Crim. App. Mar. 31, 2010). *Covey* serves as another example regarding Weatherly's ability to attack the judgment and the complained-of findings outside of an appeal from a nunc pro tunc judgment. *Id.*; *see also Ex parte Hernandez*, No. WR-83,596-01, 2015 WL 5076888, at *1 (Tex. Crim. App. Aug. 26, 2015) (concluding that applicant who claimed ineffective assistance of counsel because trial counsel failed to inform him that he would have the duty to register as a sex offender as a result of his aggravated kidnapping conviction had "alleged facts that, if true, might entitle him to relief" and remanding habeas corpus application to trial court to make findings).

statutory issues, they can raise the issues through the normal course of pretrial, trial, and appellate challenges.

Citing *Meyer v. State*, 310 S.W.3d 24, 26 (Tex. App.—Texarkana 2010, no pet.), the dissent claims that we have chosen Weatherly's issues for him and advised him how and where to argue, thus straying outside the boundaries of this court's duties. But *Meyer* involved a reviewing court's declining to make arguments for an appellant who had refused, despite repeated requests and allowances by the court, to correct his inadequate and improper briefing. *Id.* It does not stand for the proposition that a reviewing court cannot suggest that there are other avenues of redress, especially in response to a dissent's suggestion that there are no other avenues of redress. *Id.* Notably, "[t]he court of criminal appeals has repeatedly explained that the writ of habeas corpus is the appropriate vehicle to raise ineffective assistance of counsel claims because many such claims involve omissions, rather than commissions readily ascertainable on the face of the trial record, and the writ of habeas corpus affords the applicant the opportunity to develop, through testimony, a thorough and detailed record of the alleged ineffectiveness." *Ex parte Okere*, 56 S.W.3d 846, 856 (Tex. App.—Fort Worth 2001, pet. ref'd); *see also Ex parte Townsend*, 137 S.W.3d 79, 83 (Tex. Crim. App. 2004) ("Additionally, I find it ironic that the majority would rule this way when this Court consistently dismisses ineffective assistance of counsel claims on direct appeal by stating that such issues are better addressed by a writ of habeas corpus.") (Meyers, J., dissenting); *Pieringer v. State*, 139 S.W.3d 713, 720 (Tex. App.—

18

Fort Worth 2004, no pet.) ("In this instance, an application for writ of habeas corpus is the more appropriate vehicle for Appellant's claim.").[10]

The dissent also seems to imply that, through an application for habeas corpus, Weatherly would not be attacking the facts of or duration of his conviction and thus seeking habeas corpus relief would be improper. *See, e.g.*, *In re Daniel*, 396 S.W.3d 545, 548 (Tex. Crim. App. 2013); *Ex parte Rieck*, 144 S.W.3d 510, 519 (Tex. Crim. App. 2004). In doing so, the dissent cites to *Daniel* which makes synonymous the terms "conviction" and "restraint." 144 S.W.3d at 519. However, the term "restraint" has been broadly construed. *See Ex parte Cathcart*, 13 S.W.3d 414, 417 (Tex. Crim. App. 2000) ("As has been noted in other cases, the term 'restraint' has been construed broadly in the context of habeas corpus writ applications."); *see also Ex parte Bain*, 568 S.W.2d 356, 358 (Tex. Crim. App. 1978) (holding that a court order compelling attorneys to represent a defendant without compensation constitutes a "restraint"); *Basaldua v. State*, 558 S.W.2d 2, 5 (Tex. Crim. App. 1977) (holding that the imposition of unconstitutional conditions of probation constitutes a "restraint"). Accordingly, an application for writ of habeas corpus remains an avenue of relief for Weatherly.

---

[10]The dissent takes varying positions about whether Weatherly has other avenues of redress to bring his constitutionality claim. At one point, the dissent states that it is "not contending that Weatherly's timely appeal is his only remedy; in fact, it may not be."

**4. Judge Yeary's Concerns Regarding the Third Nunc Pro Tunc Judgment**

The dissent also argues that we have made the concern from Judge Yeary's dissenting opinion in the Court of Criminal Appeals' order to vacate the Chapter 62 findings in the third nunc pro tunc order a reality. *Weatherly*, 2019 WL 4318459 at *1 (Yeary, J., dissenting). In that opinion, Judge Yeary expressed concern that if the court vacated the third nunc pro tunc judgment, Weatherly could potentially forfeit his right to challenge the nunc pro tunc judgment on appeal. *Id.* However, Judge Yeary's concern did not become a reality since Weatherly is before this court on a direct appeal from the fourth nunc pro tunc judgment after the third nunc pro tunc judgment was vacated. In addition, we have addressed, within our limited scope of review, Weatherly's contention that the trial court erred by entering the Chapter 62 findings. Our following of the law regarding the limited review we have of judgments nunc pro tunc in no way has caused Weatherly to forfeit his appeal. *Blanton*, 369 S.W.3d at 904.

**5. Validity Claims**

Next, the dissent argues that a "validity" claim is cognizable in an appeal from a judgment nunc pro tunc. But the majority of the cases cited by the dissent for this proposition are direct appeals or writs for mandamus which involved judicial reasoning. *See In re Lester*, 602 S.W.3d 469, 475 (Tex. 2020) (orig. proceeding); *Karenev v. State*, 281 SW.3d 428, 438 n.9 (Tex. Crim. App. 2009) (Cochran, J., concurring); *Kelly*

*v. State*, 724 S.W.2d 42, 44 n.2 (Tex. Crim. App. 1987). The only other authority the dissent cites is the Court of Criminal Appeals' order dismissing without prejudice Weatherly's latest habeas corpus application. *Weatherly*, 2020 WL 913277, at *1. According to the dissent, a postconviction habeas corpus "could be closed to" Weatherly. But the court pointed out in its dismissal order that "the validity of the judgment *nunc pro tunc* does affect some (but not all) of the claims [Weatherly] raised in his application for writ of habeas corpus." *Id.* Nothing in the court's order suggests that Weatherly is foreclosed from pursuing a postconviction habeas corpus application to address any of his other claims.

The dissent takes this same approach to the trial court's denial of Weatherly's motion to declare Chapter 62 unconstitutional as applied to him. According to the dissent, "By considering and denying Weatherly's motion to declare the SORP unconstitutional as applied, the trial court seemingly agreed that it had the authority to determine the constitutionality of the State's request to enter a nunc pro tunc order." The trial court made no such determination. Rather, the trial court understood its role in entering judgments nunc pro tunc and denied Weatherly's motion because it would have involved judicial reasoning to determine the constitutionality of Chapter 62 as applied to him. *See Fanniel*, 73 S.W.3d at 560 ("A nunc pro tunc judgment made to correct a judicial error is void.").

In sum, we do not have the jurisdiction to review a trial court's nunc pro tunc order by engaging in judicial reasoning, which is what the dissent suggests that we do,

21

and which the dissent has done. *See Madding*, 70 S.W.3d at 135 n.8. Thus, we respectfully disagree with the dissent.

## IV. CONCLUSION

Having overruled Weatherly's sole issue on appeal, we affirm the trial court's judgment.

/s/ Dana Womack

Dana Womack
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: January 7, 2021