IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. MURTAUGH

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

JASON M. MURTAUGH, APPELLANT.

Filed January 10, 2023.    Nos. A-21-911, A-21-914.

Appeals from the District Court for Sarpy County: NATHAN B. COX, Judge. Affirmed.

Jason M. Murtaugh, pro se.

Douglas J. Peterson, Attorney General, and Austin N. Relph for appellee.

PIRTLE, Chief Judge, and RIEDMANN and ARTERBURN, Judges.

RIEDMANN, Judge.

## INTRODUCTION

Jason M. Murtaugh appeals the order of the Sarpy County District Court denying his motion for an order nunc pro tunc. Murtaugh sought an order nunc pro tunc to add time served credits to his sentence. Since an order nunc pro tunc is not the proper vehicle to obtain the relief sought, we affirm the district court's denial of Murtaugh's motion.

## BACKGROUND

Murtaugh pled no contest in two separate cases, case No. CR 18-471 and case No. CR 19-81, resulting in convictions for two counts of attempted theft by deception ($5,000 or more). Pursuant to his plea agreement, he was sentenced on February 5, 2019, to concurrent terms of 5 years' probation for each conviction.

A year later, the State moved for Murtaugh's probation to be revoked in both cases. At the August 12, 2020, hearing on the probation violations, Murtaugh admitted to violating his probation

and the court granted the motions for revocation. Bond was set, which included numerous conditions, including that Murtaugh participate in pretrial services and wear a GPS monitor.

At sentencing on October 5, 2020, the district court sentenced Murtaugh to 1 year incarceration for case No. CR 18-471 with 18 months' post-release supervision and gave him 10 days' credit for time served. For case No. CR 19-81, the district court sentenced Murtaugh to 1 year incarceration with 18 months' post-release supervision and gave him 11 days' credit for time served. The district court ordered that both sentences be served consecutive to any other sentence Murtaugh was currently serving. Murtaugh did not file a direct appeal.

On June 7, 2021, Murtaugh filed a motion for an order nunc pro tunc, in which he argued that the district court improperly calculated his time served credits, and that he was entitled to credit for an additional 58 days. In an amended motion for an order nunc pro tunc, Murtaugh incorporated his prior arguments, and raised an additional one. He argued that serving 15 months of his probation should apply to his new sentence, otherwise it would violate the Double Jeopardy Clause of the U.S. Constitution. He also claimed that during the oral pronouncement of his sentence, the district court stated his sentence for case No. CR 18-471 was to run concurrent with his sentence in case No. CR 19-71.

The district court found no merit in his arguments and denied his motion. Murtaugh appeals.

## ASSIGNMENTS OF ERROR

Rephrased, Murtaugh assigns two errors: the district court committed substantive due process errors in (1) failing to allocate time served credit under Neb. Rev. Stat. § 83-1,106(1) (Reissue 2014) for the time he spent out on bond and (2) failing to credit his time on probation as time served for his sentence of imprisonment.

## STANDARD OF REVIEW

Whether a defendant is entitled to credit for time served and in what amount are questions of law, subject to appellate review independent of the lower court. *State v. Wines*, 308 Neb. 468, 954 N.W.2d 893 (2021).

## ANALYSIS

Murtaugh argues that the district court should have credited him for the 58 days he was out on bond after his probation was revoked on August 12, 2020, until October 5 when he was sentenced. He contends that the harsh restrictions upon his liberty during this time period amounted to him being in custody for purposes of the time credit statute under § 83-1,106(1). He also argues that the district court violated the Double Jeopardy Clause of the U.S. Constitution by not crediting his days serving probation (February 5, 2019 to August 12, 2020) toward his new sentence. Before we address the merits, we must first determine if a motion for an order nunc pro tunc is the proper vehicle to bring Murtaugh's claims.

A court has inherent power in a criminal case to correct its records to reflect the "truth," nunc pro tunc. *State v. Bol*, 288 Neb. 144, 846 N.W.2d 241 (2014). The purpose of an order nunc pro tunc is to correct a record that has been made, so that it will truly reflect the action, which through inadvertence or mistake, was not truly recorded. *Id*. It is not the function of an order nunc

pro tunc to change or revise a judgment or order, to set aside a judgment actually rendered, or to render an order different from the one actually rendered, even if such order was not the intended order. *Id*. An order nunc pro tunc can correct clerical errors but cannot correct judicial errors. *Id*.

In *State v. Al-Hafeez*, 208 Neb. 681, 305 N.W.2d 379 (1981), the defendant, who had already been convicted and sentenced 10 years prior, sought an order nunc pro tunc to receive credit for serving 88 days in jail while he awaited trial. He argued the district court erred by finding it did not have the authority to issue an order nunc pro tunc to amend his sentence, and that not crediting him the 88 days violated the Equal Protection Clause of the U.S. Constitution. *Id*. The Nebraska Supreme Court held that since there was no mistake shown in the district court's sentence and the district court had no power to grant the defendant's request as stated, his first claim failed. *Id*. It declined to address his constitutional argument, holding that "the limited remedy available in an application for an order nunc pro tunc will not be extended to question the constitutionality" of the district court's actions. *Id.* at 683, 305 N.W.2d at 379. Instead, an order nunc pro tunc is limited to the specific purpose that the record should be corrected to accurately reflect what actually happened in the proceedings. *Id*.

The holding in *State v. Al-Hafeez, supra*, disposes of Murtaugh's appeal. Through a motion for order nunc pro tunc, Murtaugh sought to challenge the district court's calculation of credit for time served both on a statutory and constitutional basis. But a district court's inherent power to correct the record with an order nunc pro tunc does not extend to alter the actions of the trial court based upon its interpretation of statute or the Constitution. An order nunc pro tunc offers a specific and limited remedy for clerical errors, so Murtaugh cannot use it to amend a judgment without alleging a clerical error. See *State v. Sims*, 277 Neb. 192, 761 N.W.2d 527 (2009) (holding when sentence is validly imposed, trial court cannot modify, amend, or revise during term of imposition). Furthermore, a district court's power to adjust sentencing on collateral attacks is narrow, and to extend this power to consider sentence revisions with an order nunc pro tunc would contradict settled law. See *State v. Barnes*, 303 Neb. 167, 927 N.W.2d 64 (2019) (holding district court had no authority to hear motion for jail credit because only void sentences can be collaterally attacked).

Akin to *State v. Al-Hafeez, supra*, Murtaugh does not argue a clerical error was made when he was sentenced; therefore, a nunc pro tunc motion was an improper vehicle to seek the relief requested. Accordingly, the district court's order denying Murtaugh's motion for an order nunc pro tunc is affirmed.

## CONCLUSION

Because the limited remedy available in a motion for an order nunc pro tunc will not be extended to question the statutory or constitutional interpretations made by the trial court, the district court's order denying Murtaugh's motion is affirmed.

AFFIRMED.